**Norman HIBBING, et al., Plaintiffs,**

v.

**Michael SOFARELLI, Defendant.**

**Michael SOFARELLI, Plaintiff,**

v.

**PINELLAS COUNTY, et al., Defendants.**

Nos. 89–1310–CIV–T–17(B), 89–1311–CIV–T–17(B).

United States District Court, M.D. Florida, Tampa Division.

March 22, 1990.

---

James A. Staack, James A. Staack, P.A., Clearwater, Fla., for Norman Hibbing.

Robert W. Merkle, Robert W. Merkle, P.A., Tampa, Fla., for Michael Sofarelli.

Carol B. Abernathy, Sr. Asst. County Atty., Clearwater, Fla., for Pinellas County.

Jean H. Kwall, Gen. Counsel, Pinellas County Sheriff's Dept., Largo, Fla., for Pinellas County Sheriff Dept.

Paul A. Meissner, Carlson, Meissner, Webb, Dodson & Hart, P.A., Clearwater, Fla., for Edward D. Carlson, Jr.

## ORDER GRANTING MOTIONS TO DISMISS AND TO REMAND

KOVACHEVICH, District Judge.

This cause is before the Court on the following motions and responses, filed in the above-captioned cases:

Case No. 89–1310–CIV–T–17(B)

1. Plaintiff Norman Hibbing's second motion for remand, filed October 24, 1989.

2. Defendant Michael Sofarelli's response to the second motion for remand, filed November 9, 1989.[1]

Case No. 89–1311–CIV–T–17(B)

1. Defendant Norman Hibbing's motion to dismiss or remand to state court, filed October 11, 1989.

---

**1.** The Court notes that Plaintiff Hibbing filed an emergency motion to remand on March 8, 1990. This motion was not considered in this order and due to the Court's disposition of Case No. 89–1310–CIV–T–17(B) the emergency motion becomes moot.

2. Defendant Pinellas County's motion to strike and motion to dismiss, filed October 16, 1989.

3. Plaintiff Michael Sofarelli's response to Defendant Hibbing's motion to dismiss, filed October 16, 1989.

4. Defendant Edward Carlson's motion to strike and motion to dismiss, filed October 17, 1989.

5. Defendant Everett Rice, as Sheriff,'s motion to dismiss, filed October 17, 1989.

6. Plaintiff Sofarelli's objection to magistrate's report and recommendation, filed October 30, 1989.

7. Plaintiff Sofarelli's opposition to all motions to dismiss and strike, filed November 3, 1989.

8. Defendant Rice's reply to objections to report and recommendation, filed November 9, 1989.

9. Defendant Pinellas County's response to objections to report and recommendation, filed November 9, 1989.

For purposes of this order, Case No. 89–1310–CIV–T–17(B) and Case No. 89–1311–CIV–T–17(B) are consolidated for consideration. Case No. 89–1310–CIV–T–17(B) is before the Court after removal, by Defendant Sofarelli, from the state court (*Hibbing v. Sofarelli*, Case No. 89–14766–14) on September 25, 1989. Case No. 89–1311–CIV–T–17(B) is before the Court as an original action filed by Mr. Sofarelli, as plaintiff, on September 25, 1989.

■ A complaint should not be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1947).

This Court has carefully reviewed the motions and supporting memoranda of all parties. Under the standards quoted above, the Court finds that Plaintiff Sofarelli has failed to state a claim for which relief may be granted in Case No. 89–1311–CIV–T–17(B) and furthermore finds that the issues attendant to Case No. 89–1310–CIV–T–17(B) are more properly resolved in the state forum.

Accordingly, this Court will dismiss Case No. 89–1311–CIV–T–17(B) and remand Case No. 89–1310–CIV–T–17(B) to state court for further proceedings.

FACTS

The facts as stated in the report and recommendation of U.S. Magistrate Thomas G. Wilson, dated October 19, 1989, in Case No. 89–1311–CIV–T–17(B), are hereby adopted and incorporated into this opinion. The only addendum that need be made is that the center of this dispute, the house belonging to Mr. Sofarelli, still sits in the middle of John's Parkway as of the date of this order. The house is in the middle of the road due to the actions of the parties in this case, not due to any action of this Court.

There are many alternatives that reasonable people could employ to have the house removed from the road, without the intervention of any court. Rather than take one of those "reasonable" non-judicial routes, the parties have chosen to demand judicial intervention. Therefore, they are subject to the Court's caseload and availability of time for consideration of each case, as are all other cases which choose to seek the Court's jurisdiction, which include the criminal caseload of this Court; the volume is both unreasonable and unending.

While the Court is aware that this case is important to the parties involved, so is every other case, civil and criminal, equally important to the parties involved. The Court found, and still finds, no compelling reason to pluck this case from its chronological rotation for resolution. If the parties are so concerned with the safety or aesthetics of the neighborhood, they could have, and still could, resolve this matter outside of the judicial halls. If they do not do so, by choice or inability to agree, they will be subject to the time constraints which are imposed on this Court, and on other courts, by heavy caseloads.

DISCUSSION

## I.

The first matter for discussion is before the Court on several motions to dismiss Case No. 89–1311–CIV–T–17(B). The Court finds the arguments contained in the memoranda in support of the motions to dismiss to be persuasive and incorporates them by reference herein.

Plaintiff Sofarelli, alleges among other things that Pinellas County, through the actions of its Sheriff's Department, and Sheriff Rice have denied him several rights grounded in federal law. Furthermore, Plaintiff alleges that the acts of individual residents involved in the situation provide the basis for a valid claim of state action. Finally, Plaintiff asserts that the County and the Sheriff violated the Due Process Clause, the Equal Protection Clause, the Fourth Amendment, Plaintiff's right to travel, and his right to engage in a business or occupation.

■ In order for liability to exist in the case sub judice, 42 U.S.C. § 1983 requires that state action, for which the government is actually responsible, be the cause of the denial of the protected rights. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986), *Cobb v. Georgia Power Company*, 757 F.2d 1248 (11th Cir.1985). This threshold burden has not been met by the plaintiff, Mr. Sofarelli.

■ Plaintiff Sofarelli contends that alleged discriminatory actions of Mr. Hibbing and other private residents have prevented and continue to prevent him from exercising the several constitutional rights referred to above. Again, under the standards quoted above, it is required that the actions of the individuals, involved in the deprivation of the constitutional rights, rise to the level of state action for a valid claim to exist. The actions in issue before the court do not rise to such a level.

The alleged actions of Mr. Hibbing and the other residents do not involve sufficient governmental action or contact to subject them to constitutional limitations. In determining whether state action is present, the court must examine each situation on a case by case basis by "sifting facts and weighing circumstances." *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 722, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961). The unusual facts and circumstances in the case sub judice do not provide a basis for valid claim of state action with respect to the actions of the private individuals.

■ Additionally, Plaintiff contends that the actions of Pinellas County and the Pinellas County Sheriff's department have prevented, and continue to prevent, him from exercising constitutionally protected rights. However, Plaintiff has never alleged that the County or the Sheriff acted in a racially biased, arbitrary or capricious manner.

Furthermore, Plaintiff has never alleged that a policy or custom of Pinellas County or the Pinellas County Sheriff's Department is responsible for the actions taken by the officials on the scene on the day of the moving of the house. Therefore the controlling standards applied in evaluating those actions are those set forth in *Silverman v. Barry*, 845 F.2d 1072 (D.C.Cir. 1988). The court in *Silverman* stated:

> To succeed in a § 1983 suit for damages for a substantive due process or equal protection violation, a plaintiff must at least show that state officials are guilty of grave unfairness in the discharge of their legal responsibilities. Only a substantial infringement of state law prompted by personal or group animus, or a deliberate flaunting of the law that trammels significant personal or property rights qualifies for relief under § 1983 ... *Inadvertent errors, honest mistakes, agency confusion, even negligence in the performance of official duties, do not warrant redress under this statute.*

*Id.* at 1080. (emphasis added)

The only possible liability of Pinellas County is based on the acts of its employees (the Sheriff's Department) and therefore it is proper only to examine the acts of the Sheriff's Department Officials involved in the incident when determining if the requisite state action is present.

Again, the facts before the Court show that the actions of a private citizen, not a Sheriff's Department official, halted the movement of the house. Specifically, it appears that the placement of several automobiles on the side of the road by private individuals sufficiently impeded the progress of the move. Plaintiff contends that the inaction of the Sheriff in failing to remove the automobiles rises to the required level for state action to exist. The Court disagrees with this contention.

The real cause of the halt in the movement of the house and in the Sheriff's subsequent inaction is a dispute over the width of John's Parkway. Plaintiff contends that the road is actually forty feet wide, while Defendants claim it is thirty feet wide. If the County and the defendant homeowners are correct then the movement of the house which is thirty-two and one-half feet wide would result in trespass on private property.

If this latter contention is true then all parties agree that the Sheriff had no obligation at the time of the incident, or at the present time, to assist Plaintiff in the move. Under these circumstances the Sheriff did the only thing that could properly be done: nothing.

The present course of action is to allow the dispute to be resolved in court so that all parties including the Sheriff are treated fairly. Under the *Silverman* standard quoted above, the worst characterization of the sheriff's decision not to assist in any further movement of the house is that of an honest mistake,[2] at best the decision was both cautious and prudent. Again, plaintiff fails to show that the Sheriff ever acted in an arbitrary or capricious manner.[3] There is no basis to conclude that the Sheriff, and therefore the county, violated Plaintiff's right to substantive due process and equal protection of the law when he failed to assist Plaintiff Sofarelli in removing the automobiles which prevented the completion of the move.

Plaintiff's other assertions of constitutional infringements, regarding violations of the Fourth Amendment, Plaintiff's right to travel, and his right to engage in a business or occupation, are meritless. Furthermore, Plaintiff has failed to adequately state that he has an action for an alleged violation of the Fair Housing Act, specifically 42 U.S.C. 3604 and 3618.

Due to the above reasoning, this Court dismisses all of Plaintiff's claims in Case No. 89–1311–CIV–T–17(B).

## II.

The second matter before this Court is a motion to remand Case No. 89–1310–CIV–T–17(B) to the state court forum from which it was removed. This Court must agree that the issues involved in this dispute are better resolved in the state courts. The Court in *Railroad Commission of Texas v. Pullman*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), held that when a constitutional issue might be mooted or presented in a different posture by a state court determination of pertinent state law then it is proper for the federal court to forgo hearing the issue in favor of the state court forum.

The issues in dispute in the instant case were first presented to the state courts for their determination and proceedings thereupon were begun. The resolution of those issues in either parties favor could drastically change the posture in which the issues might be presented in the federal forum. As stated above, no cognizable federal claim has been advanced at the present time and therefore what remains to be resolved are state law issues better decided in the corresponding forum.

Furthermore, since the plaintiff in Case No. 89–1311–CIV–T–17(B) (Sofarelli), failed to show that he is eligible to properly as-

---

**2.** See *supra* the emphasized language from the *Silverman* opinion.

**3.** As far as this court is aware, no citation or fine has ever been issued to Mr. Sofarelli due to the presence of his house in the middle of the road. Furthermore, the Sheriff stated at a pre-liminary hearing that he will assist the plaintiff by towing away the automobiles which are blocking his path if it is determined that the road is wide enough for the move to legally occur without trespass to private property.

sert a cause of action under the Fair Housing Act, 42 U.S.C. Sections 3604 and 3618, the only part of the caselaw which Plaintiff cites in his support suggests that this Court should properly remand the remaining issues to state court for reasons of comity. The court in *Northside Realty Associates, Inc. v. Chapman*, 411 F.Supp. 1195 (N.D.Ga.1976) stated:

> [t]he federal courts must presume that state courts of competent jurisdiction will obey the applicable law and will not unlawfully discriminate or fail to correct any injustices which are perpetrated by others. "The civil rights removal statute does not require and does not permit the judges of the federal courts to put their brethren of the state judiciary on trial."

*Id.* at 1198 (quoting *Greenwood v. Peacock*, 384 U.S. 808, 828, 86 S.Ct. 1800, 1812, 16 L.Ed.2d 944–957 (1966)).

This Court, having carefully considered the previous issues, and based on the foregoing, concludes that this Court is not the necessary nor the proper forum for the resolution of the issues in this dispute. Accordingly, it is

ORDERED that Case No. 89–1311–CIV–T–17(B) be dismissed; the Clerk of the Court is directed to enter judgment for Defendant in accordance with this Order, and dismiss the case; that Case No. 89–1310–CIV–T–17(B) be remanded by the Clerk of the Court to the appropriate state court for further proceedings; and all other motions, not specifically addressed herein, be denied.

DONE and ORDERED.