**Michael SOFARELLI,**
**Plaintiff–Appellant,**

v.

**PINELLAS COUNTY, Pinellas County Sheriff Dept., Norman Hibbing, Alfred Swetay, Jeffrey S. Harman, Edward D. Carlson, Jr., Marytherese Bancroft, Defendants–Appellees.**

**Norman HIBBING, Marytherese Bancroft, Edward D. Carlson, Jr., Jeffrey Harman, Alfred Swetay, Plaintiffs–Counter–Defendants, Appellees,**

v.

**Michael SOFARELLI,**
**Defendant–Counter–Claimant,**
**Appellant.**

**Nos. 90–3274, 90–3281.**

United States Court of Appeals,
Eleventh Circuit.

April 29, 1991.

Ward A. Meythaler, Tampa, Fla., for plaintiff-appellant.

Carol B. Abernathy, Clearwater, Fla., Jean H. Kwall, Largo, Fla., for defendants-appellees.

Before FAY, ANDERSON and MARKEY *, Circuit Judges.

---

* Honorable Howard T. Markey, U.S. Circuit Judge for the Federal Circuit, sitting by designation.

ANDERSON, Circuit Judge:

This appeal involves two consolidated cases addressing whether appellant Michael Sofarelli should be permitted to transport a house by trailer through John's Parkway, a public roadway in Pinellas County, Florida. The first case was filed in Florida state court on September 19, 1989 by appellee Norman Hibbing seeking an injunction to prohibit Sofarelli from moving the house. Sofarelli subsequently removed this case to federal district court on September 25, 1989, alleging that Hibbing and other plaintiffs who had subsequently intervened in the lawsuit had violated his civil rights under 42 U.S.C.A. § 1983 (West 1981) and the Fair Housing Act. We will refer to this case as the "removed case."

Sofarelli filed the second lawsuit in federal court alleging identical claims under § 1983 and the Fair Housing Act and named as defendants Pinellas County (through its employee, the Pinellas County Sheriff), the Pinellas County Sheriff, Hibbing, Swetay, and the other named plaintiffs in the removed case to whom we will refer as the "neighbors." Sofarelli also sought to enjoin the defendants from interfering further with the move of the house. We will refer to this case as the "original federal case."

The district court denied Sofarelli's motions for injunctive relief and dismissed all claims under § 1983 and the Fair Housing Act. The district court declined to decide whether the right-of-way on John's Parkway is thirty feet or forty feet wide, permitting that issue to be resolved in proceedings pending in Florida state court or in the removed case which the district court remanded to state court.

We affirm the district court's dismissals of all claims against Pinellas County and the Pinellas County Sheriff under § 1983 and the Fair Housing Act. We also affirm its denial of injunctive relief against the county and sheriff. In addition, we affirm the dismissal of the § 1983 claims against Hibbing, Swetay and the neighbors. However, we vacate the dismissal of Sofarelli's claims against Hibbing, Swetay and their neighbors under the Fair Housing Act.

## I. BACKGROUND

On September 16, 1989, Sofarelli loaded a house onto a trailer and moved it down various streets, pursuant to proper permits, in Pinellas County and Clearwater, Florida. Quite close to his destination, Sofarelli's progress was blocked on John's Parkway, a public roadway, by a vehicle owned by Hibbing. The Pinellas County Sheriff refused to remove Hibbing's automobile and ordered Sofarelli to stop the move. The house currently remains on its trailer in the middle of John's Parkway. A genuine dispute exists between the parties as to whether the public right-of-way on John's Parkway is thirty feet or forty feet wide, and thus whether moving the house (which exceeds thirty feet in width) down the road would trespass on private property.

### A. The Removed Case

On September 19, 1989, Hibbing filed suit in Pinellas County Circuit Court to enjoin permanently the house move and filed a motion for a temporary restraining order. The court conducted a hearing the next day at which Sofarelli agreed to Hibbing's request for an injunction prohibiting Sofarelli from trespassing because the move could be accomplished without crossing Hibbing's property. The court then denied Hibbing's motion for an injunction to stop the move.

On September 21, 1989, the day after the hearing, a number of Hibbing's neighbors—Alfred Swetay, Jeffrey S. Harman, Edward D. Carlson, Jr., and Marytherese Bancroft—intervened in the case, joining Hibbing's efforts to stop the move. That same day, an article in the St. Petersburg Times quoted Hibbing and Swetay as stating that they had racial motivations for halting the house move. As a result, Sofarelli removed the case to federal district court under 28 U.S.C.A. § 1443 (West 1973) based on a counterclaim that the plaintiffs' efforts to block the move were racially motivated and that such behavior violated

his civil rights under 42 U.S.C.A. § 1983 and under the Fair Housing Act. Hibbing subsequently filed a motion to remand the case back to state court, which was pending when the district court issued its final order in the case, which is the subject of this appeal.

### B. The Original Federal Case

On September 25, 1989, Sofarelli filed suit in federal district court alleging identical claims under § 1983 and the Fair Housing Act not only against Hibbing, Swetay, and their neighbors, but also against Pinellas County and the Pinellas County Sheriff's Department. In addition, Sofarelli asked for a permanent injunction to prevent the defendants from interfering with the house move or with his use of John's Parkway under proper permits.

Sofarelli later filed motions for a temporary restraining order and a preliminary injunction to prohibit the defendants from impeding the house move so that he could move the house to its ultimate destination. Pinellas County responded by filing motions for a temporary restraining order and a preliminary injunction that would require Sofarelli to remove the house from John's Parkway. The magistrate judge denied both parties' motions for temporary restraining orders but conducted a hearing on October 11, 1989 to consider the motions for preliminary injunctions. The magistrate judge subsequently issued a report and recommendation that both parties' motions for preliminary injunctions be denied.

Hibbing and the Pinellas County Sheriff each filed a motion to dismiss the original federal case. Pinellas County and Edward Carlson, one of the neighbors, each filed a motion to strike and a motion to dismiss.

On March 22, 1990, the district court entered a consolidated order ruling on the pending motions in both the removed case and the original federal case. The court granted Hibbing's motion to remand the removed case back to Florida state court. 733 F.Supp. 1470. In the original federal

case, the court granted appellees' motions to dismiss, denied all other motions, and entered judgment for the defendants. Sofarelli now appeals both the remand of the removed case and the dismissal of the original federal case.

### II. DISCUSSION

Sofarelli presents similar claims in both the removed case and the original federal case. We will address each of his substantive claims in turn and explain when necessary whether our resolution of that claim applies to one or both of the consolidated cases.

### A. Claims Dismissed Under Rule 12(b)(6)

The district court dismissed all of Sofarelli's claims under § 1983 and the Fair Housing Act pursuant to Fed.R.Civ.Proc. 12(b)(6) for failure to state a claim upon which relief can be granted. In order to dismiss a claim under Rule 12(b)(6), the district court must find that the plaintiff can prove no set of facts which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). In making that determination, the court must view the allegations of the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1947).

#### 1. *Claims Under the Fair Housing Act*

Sofarelli alleges that Pinellas County (through its employee, the Pinellas County Sheriff), the Pinellas County Sheriff, Hibbing, Swetay, and other participating members of Hibbing's community to whom we will refer as the "neighbors," violated his civil rights under the Fair Housing Act, 42 U.S.C.A. §§ 3604 and 3617. Sofarelli argues that his plan to move the house onto a lot abutting John's Parkway and potentially to sell the house and lot to a minority purchaser constitutes aiding or encouraging that prospective purchaser's exercise of the right to housing under § 3604.[1] There-

---

1. 42 U.S.C.A. § 3604 (West Supp.1990) provides that it shall be unlawful—

    (a) To refuse to sell or rent after the making of a bona fide offer, or to refuse to negoti-

fore, Sofarelli contends that appellees' efforts to prevent the move of the house violate § 3617[2] as unlawful interferences with his aid and encouragement of the purchaser's right to obtain the housing to which he is entitled under § 3604.

■ We will first address Sofarelli's Fair Housing Act claims against Hibbing, Swetay and their neighbors. In order to prevail under the Act, Sofarelli has to establish that race played some role in the actions of Hibbing, Swetay and the neighbors. *See United States v. Mitchell,* 580 F.2d 789, 791–92 (5th Cir.1978).[3]

■ We find that Sofarelli may be able to prove a set of facts which would establish violations of the Fair Housing Act. Sofarelli alleges that members of Hibbing's community committed certain actions—such as leaving a note threatening "to break [Sofarelli] in half" if he did not get out of the neighborhood and running up to one of Sofarelli's trucks, hitting it, shouting obscenities and spitting at Sofarelli—which would clearly constitute coercion and intimidation under § 3617. In addition, Sofarelli presented evidence to the district court which suggests that Hibbing, Swetay, and their neighbors had racial motivations for these actions. An article in the September 21, 1989 issue of the St. Petersburg Times quotes Swetay as stating, "What's stopping him (Sofarelli) from selling it to coloreds? ... Once that happens, the whole neighborhood is gone." Marie Tessier, *Tug of War Over House Turns Racial,* St. Petersburg Times, Sept. 12, 1989. The article states that both Hibbing and Swetay "said they don't want the house on their block partly because they're afraid black people might move in." *Id.*

The statements in the newspaper suggest racial animus on the part of Hibbing and Swetay and preclude Rule 12(b)(6) dismissal of Sofarelli's claims against them under the Fair Housing Act. If Sofarelli can prove, as the quotations in the newspaper article suggest, that Hibbing and Swetay interfered with the house move in order to prevent someone of a particular race from being able to move into their neighborhood, Sofarelli would be able to establish a colorable claim against them under the Fair Housing Act.

The dismissal was also improper as to the neighbors—Jeffrey S. Harman, Edward D. Carlson, Jr., and Marytherese Bancroft—because they purportedly acted in concert with and for the same reasons as Hibbing and Swetay. Therefore, the dismissals of the Fair Housing Act claims against Hibbing, Swetay, and the neighbors in the removed case and the original federal case are vacated.

■ We agree with the district court, however, that Sofarelli fails to state a claim under the Fair Housing Act against Pinellas County and the Pinellas County Sheriff. Sofarelli's only theory of liability against Pinellas County is based upon the actions of its employee, the Pinellas County Sheriff,[4] so we must examine the sheriff's

---

ate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin.

(b) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin.

(c) To make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion, sex, handicap, familial status, or national origin, or an intention to make any such preference, limitation, or discrimination.

**2.** Section 3617:

It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any rights granted or protected by section 3603, 3604, 3605, 3606 of this title.

42 U.S.C.A. § 3617 (West Supp.1990).

**3.** This case was decided prior to the close of business on September 30, 1981, and is binding precedent under *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981).

**4.** Sofarelli never alleged other legally recognized theories of recovery against Pinellas County, such as a policy or custom of discrimination.

actions in assessing the viability of Sofarelli's claims against both the sheriff and the county.

Under *Mitchell*, 580 F.2d at 791–92, Sofarelli must establish that race played some role in the actions of the sheriff to recover under the Fair Housing Act. Sofarelli concedes that there is absolutely no evidence of racial motivation on the part of the sheriff. Appellant's Brief at 49. Because Sofarelli concedes that he "is not aware of and does not allege" any claims that the Pinellas County Sheriff acted with racial animus, *id.*, Sofarelli fails to state a claim under the Fair Housing Act. Therefore, we affirm the dismissals of the Fair Housing Act claims against both Pinellas County and the Pinellas County Sheriff in the original federal case.

### 2. Claims Under 42 U.S.C.A. § 1983

■ Sofarelli alleges that all of the appellees acted in violation of his rights under the due process and equal protection clauses of the Fourteenth Amendment, giving rise to a claim under 42 U.S.C.A. § 1983 (West Supp.1990). We will first address Sofarelli's claims against Pinellas County and the Pinellas County Sheriff. Sofarelli argues that the Pinellas County Sheriff acted, on behalf of Pinellas County, to deny Sofarelli's civil rights by refusing to remove the vehicle obstructing his path and by refusing to help him complete the move of the house pursuant to proper permits.

Sofarelli's theory of liability against Pinellas County and the sheriff is based upon the sheriff's admitted failure to remove vehicles which were blocking Sofarelli's path. Because, as noted above, Sofarelli has conceded that the county and sheriff had no racial animus, Sofarelli's § 1983 claim against the county and the sheriff is limited to a substantive due process claim, i.e., that their actions were arbitrary and capricious. Given the good faith dispute regarding ownership of the property on which the obstructing vehicle was located, and given the undisputed fact that the sheriff and the county would remove the obstructing vehicles if they were on the public right-of-way and will do so as soon as a court resolves the dispute as to who owns the property, we conclude that Sofarelli can prove no set of facts which would establish that the sheriff acted arbitrarily or capriciously in refusing to remove the obstructing vehicles. Therefore, we affirm the dismissal of the Sofarelli's § 1983 claims against Pinellas County and the Pinellas County Sheriff in the original federal case.

■ Sofarelli also contends under § 1983 that Hibbing, Swetay and their neighbors violated his civil rights. There can be no such claim, however, because their behavior as private individuals does not rise to the level of state action. In addition, because we find that the sheriff's refusal to remove vehicles from Sofarelli's path was not improper state action by Pinellas County, there can be no allegation that Hibbing, Swetay and their neighbors conspired with the county to violate Sofarelli's civil rights under § 1983. Accordingly, we affirm the dismissal of Sofarelli's § 1983 claims against Hibbing, Swetay, and the neighbors in both the removed case and the original federal case.

### B. Denial of Injunctive Relief

Sofarelli alleges that the district court abused its discretion in refusing to grant an injunction prohibiting Hibbing, Swetay, and the neighbors from interfering with the move and requiring the Pinellas County Sheriff to provide any assistance necessary to complete the move. The district court denied motions for both a temporary restraining order and a preliminary injunction. We affirm with respect to the sheriff and Pinellas County, but vacate with respect to Hibbing, Swetay and the neighbors.

In order to obtain a preliminary injunction, Sofarelli must establish each of the following factors:

(1) a substantial likelihood that he will ultimately prevail on the merits; (2) that he will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause to the opposing party;

and (4) that the injunction, if issued, would not be adverse to the public interest.

*United States · v. Jefferson County,* 720 F.2d 1511, 1519 (11th Cir.1983). A preliminary injunction is an extraordinary remedy and should not be granted unless the movant " 'clearly carries the burden of persuasion' " on all four elements. *Id.* (quoting *Canal Authority v. Callaway,* 489 F.2d 567 (5th Cir.1974)). If any element is not proven, there is no need to address the others. *Id.* The issuance or denial of injunctive relief is within the discretion of the district court and will not be disturbed absent an abuse of discretion or action contrary to equity. *Id.*

The district court correctly denied Sofarelli's motions for injunctive relief as to Pinellas County and the sheriff. We find *supra* that Sofarelli fails to state a claim against either Pinellas County or the Pinellas County Sheriff under either 42 U.S.C.A. § 1983 or the Fair Housing Act. Indeed, Sofarelli concedes that he "is not aware of and does not allege" any claims that Pinellas County or the Pinellas County Sheriff acted with racial animus. Appellant's brief at 49. Consequently, Sofarelli cannot demonstrate that he has "a substantial likelihood of prevailing on the merits" against the county or the sheriff and, therefore, cannot obtain an injunction against either of them.

With respect to Hibbing, Swetay and the neighbors, the district court denied injunctive relief based on its erroneous dismissal of the Fair Housing Act claim. The district court has not addressed Sofarelli's claim against Hibbing, Swetay and the neighbors in the posture of a well pleaded Fair Housing Act claim, and we prefer that it be addressed in the first instance by the district court.

## C. Remand of the Removed Case

Sofarelli argues that the district court abused its discretion in granting Hibbing's motion to remand the removed case back to state court. Before we can review the propriety of the remand order, we must determine whether the order is appealable.

### 1. *Jurisdiction to Review the Remand Order*

■ In general, remand orders are not immediately appealable. 28 U.S.C.A. § 1447(d) (West Supp.1990). We agree with Sofarelli's contention, however, that the instant remand order is appealable because the case was initially removed from state court pursuant to 28 U.S.C.A. § 1443 (West Supp.1990). Section § 1447(d) provides as follows:

(d) An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, *except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal* or otherwise. (emphasis added)

Section 1447(d) expressly permits appellate review of remand orders in cases that were originally removed to federal court under § 1443.

■ This case was properly removed under § 1443.[5] The case originally filed against Sofarelli in state court involved issues of property ownership and land use rights, issues appropriately addressed by state courts. Sofarelli subsequently suspected, however, that the plaintiffs had racial motivations for attempting to enjoin him from completing the house move. Accordingly, he counterclaimed that the lawsuit filed in state court by Hibbing was an

---

5. 28 U.S.C.A. § 1443 provides as follows:
Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
  (1) Against any person who is denied or cannot enforce in the courts of such State a

right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

effort to coerce, intimidate or deter him from providing housing in violation of the Fair Housing Act. The parties do not dispute that this allegation falls within the United State Supreme Court's holding in *State of Georgia v. Rachel*, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966), that removal under § 1443 is proper when a lawsuit filed in state court is itself the act by which the movant's civil rights are violated. *See also Northside Realty Assoc., Inc. v. Chapman*, 411 F.Supp. 1195 (N.D. Ga.1976) (applying *Rachel* to hold that lawsuits filed in state court which violate the defendant's rights under the Fair Housing Act are properly removable under § 1443). Having determined that the case was properly removed under § 1443, we have jurisdiction to review the propriety of the remand order under § 1447(d).

### 2. *Review of the Remand Order*

The district court remanded the case based upon a determination that Sofarelli "failed to show he is eligible to properly assert a cause of action under the Fair Housing Act" so that the only remaining issues in the case involved state law. Order Granting Motions to Dismiss and to Remand, Record Excerpts, Case No. 90–3281 at 10. A claim under the Fair Housing Act presents a federal question for purposes of federal question jurisdiction. Therefore, whether the remand order was proper depends upon whether the district court erred in determining that Sofarelli failed to state a claim under the Fair Housing Act.

In view of our holding *supra* that Sofarelli stated a valid claim under the Fair Housing Act against Hibbing, Swetay and their neighbors, the district court erred in finding that no federal question remained in the case. Therefore, the district court's

remand order is vacated and the removed case will remain in federal court.[6]

### III. CONCLUSION

For the foregoing reasons, we AFFIRM in part, VACATE in part, and REMAND for further proceedings consistent with this opinion.

---

**6.** The parties contest whether the district court abused its discretion in abstaining from deciding the width of the right-of-way. We doubt, however, that the district court exercised its abstention power. Rather, having dismissed all of Sofarelli's claims under Rule 12(b)(6), thus leaving no federal question, the district court exercised its discretion not to entertain pendent state claims and remanded the case to state court. Our conclusion that the district court

erred in dismissing Sofarelli's Fair Housing Act claim against Hibbing, Swetay and the neighbors means, of course, that there is federal question jurisdiction over the Fair Housing Act claim, and that the district court's remand order was erroneous. The district court has not addressed the abstention issue in this posture, and we prefer that it be addressed in the first instance by the district court.