**DELTA AIR LINES, INC., Plaintiff,**

v.

**Felton E. HUDSON; Carolyn Cassell; Ed Miller; Russ King; Betty Hofele; Delta Retiree Association, Defendants.**

**No. 1:94–cv–1368–GET.**

United States District Court,
N.D. Georgia,
Atlanta Division.

June 15, 1994.

Patricia W. Lamar, Delta Air Lines, Inc. Law Dept., William Howard Brewster, Jerre B. Swann, Kilpatrick & Cody, Atlanta, GA, for plaintiff.

Allan Leroy Parks, Georgia Kay Lord, Larry Hugh Chesin, Kirwan, Goger, Chesin & Parks, Thomas Arthur Hodge, Jones & Askew, Atlanta, GA, for defendants.

*ORDER*

G. ERNEST TIDWELL, District Judge.

The above-styled matter is presently before the court on the plaintiff's motion for preliminary injunction [docket no. 3].

**Background**

The plaintiff, Delta Air Lines, Inc. (Delta), filed this action against Delta Retiree Asso. (DRA) and the above-named individuals who are officers of DRA challenging DRA's alleged improper use of the "Delta" mark. Although it is comprised of former Delta

employees, DRA is neither licensed nor sanctioned by Delta. Delta's complaint alleges that DRA's conduct: (1) infringes upon Delta's use of the "Delta" mark in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114; (2) constitutes a false designation and description in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125, as well as Georgia's Uniform Deceptive Trade Practices Act, O.C.G.A. § 10–1–370 through –375, and Georgia's Fraudulent Misrepresentation Statute, O.C.G.A. § 23–2–52; and (3) violates Georgia's Anti-dilution Statute O.C.G.A. § 10–1–451(b). Delta filed the instant motion seeking a preliminary injunction to preclude the defendants' use of the "Delta" mark. The court held hearing on this matter on June 8, 1994. Based on the written submissions of the parties and the oral arguments presented at hearing, the court finds that the plaintiff's motion is warranted.

## Discussion

In order to obtain a preliminary injunction, the movant must establish each of the following factors:

(1) a substantial likelihood that [it] will ultimately prevail on the merits; (2) that [it] will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause to the opposing party; and (4) that the injunction, if issued, would not be adverse to the public interest.

*Sofarelli v. Pinellas County,* 931 F.2d 718, 723–24 (11th Cir.1991). "A preliminary injunction is an extraordinary remedy and should not be granted unless the movant 'clearly carries the burden of persuasion' on all four elements." *Id.* at 724 (quoting *United States v. Jefferson County,* 720 F.2d 1511, 1519 (11th Cir.1983)). If the movant fails to carry the burden on any element, there is no need to address the others. *Id.*

Section 32 of the Lanham Act provides that a person or entity "who shall, without the consent of the registrant, ... use in commerce any ... imitation of a registered mark ... which ... is likely to cause confusion, or to cause mistake, or to deceive ... shall be liable in a civil action by the registrant." 15 U.S.C. § 1114(1). Section 43 of

the Lanham Act imposes liability for the use of a "false designation of origin, or any false description or representation, including words or other symbols tending falsely to describe or represent ... goods or services." 15 U.S.C. § 1125(a). A recovery under either section of the Lanham Act is predicated upon a determination that there is a "likelihood of confusion" created by the defendant's use of the mark. *Ross Bicycles, Inc. v. Cycles USA, Inc.,* 765 F.2d 1502, 1503–04 (11th Cir.1985), *cert. denied,* 475 U.S. 1013, 106 S.Ct. 1190, 89 L.Ed.2d 306 (1986).

The court finds, for the purposes of this motion, that Delta has established that there is a substantial likelihood that DRA's use of the "Delta" mark has and will cause confusion in the marketplace. Not only has Delta presented evidence of actual confusion, but there is evidence indicating that DRA utilizes the "Delta" mark precisely because it indicates or raises the inference that the group is related to or affiliated with Delta Air Lines. Further, the fact that the "Delta" mark is used by other entities in the local economy does not preclude Delta's enforcement of its rights against DRA. Other entities using the Delta name in connection with businesses clearly unrelated to Delta Air Lines or the airline industry do not necessarily give rise to the kind of confusion in the marketplace, or injury to the registrant, allegedly caused by DRA's use challenged herein. Lastly, the fact that DRA incorporates the "Delta" mark verbatim in its name further weighs in favor of Delta's claim. Accordingly, the court is satisfied for the purposes of the plaintiff's instant motion that there is a sufficient likelihood of confusion in the marketplace to warrant a finding that Delta is likely to prevail on the merits of its infringement and false designation claims.

The court is also satisfied that the balance of equities weighs in favor of granting Delta's motion. While Delta has presented evidence that its reputation and good will are being infringed upon by DRA's use of the "Delta" mark, there is no indication that DRA will be significantly or irreparably harmed or prejudiced by granting the relief sought by Delta.

Lastly, the court finds that Delta is threatened with irreparable injury by DRA's use of

the "Delta" mark and that the injunction sought by Delta would not be contrary to the public interest.

In accordance with the foregoing, the court hereby GRANTS Delta's motion for preliminary injunction [docket no. 3]. Commencing and effective twenty (20) days from the date of this order, Delta Retiree Association and the other individual defendants named in this action are ENJOINED from using the "Delta" mark in connection with performing services and/or conducting activities unless and until otherwise ordered by this court or the Eleventh Circuit Court of Appeals.

SO ORDERED.