[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11307
Non-Argument Calendar
_____

D.C. Docket No. 8:11-cv-01889-VMC-TBM

JEFFREY FISHER,

Plaintiff-Appellant,

versus

SP ONE, LTD.,
TOM ROBINSON,
in his capacity as site manager, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 18, 2014)

Before HULL, MARCUS, and MARTIN, Circuit Judges.

PER CURIAM:

Plaintiff Jeffrey Fisher, proceeding pro se and in forma pauperis, appeals the district court's grant of summary judgment to Defendants SP One, Ltd., Royal American Management, Inc., Tom Robinson, and Terry Dykes. Fisher argues here that his claims were not ripe for summary judgment because the record contained disputed issues of material fact. He also argues that the district court erred by failing to grant his motion for an extension of discovery. After careful review, we affirm.

I.

The Viridian is a high-rise apartment building in St. Petersburg, Florida catering to low-income residents, many of whom are disabled, elderly, or both. In 2009, the Viridian was purchased by SP One, which hired Royal American Management (RAM) to manage the property. Defendants Tom Robinson and Terry Dykes were both employees of RAM.

Soon after purchasing the property, SP One began a multi-million dollar renovation. As a part of these renovations, the Viridian informed the building's residents that they would no longer be allowed to operate large personal appliances in their apartments. Fisher was one of the tenants affected by this new policy because he had an air conditioner, a washing machine, and a dryer in his apartment. He asked the building for permission to keep his appliances as a

"reasonable accommodation" for his disabilities. However, these requests were denied.

After renovation of the building was complete, Fisher also asked for the installation of different handrails in his bathroom as a "reasonable accommodation" to aid in his balance. The Viridian responded to Fisher's request by asking for clarification about the type of replacement handrails he wanted and where he wanted them. Although the parties dispute whether Fisher ever replied, the record contains no evidence that Fisher's request was formally denied.

Fisher then filed a complaint in federal district court against the defendants, alleging violations of his rights under the Fair Housing Act (FHA), the Rehabilitation Act, and the Florida Fair Housing Act. Fisher's complaint alleged that the defendants discriminated against him by denying his requests for reasonable accommodations. The complaint also alleged that the defendants retaliated against Fisher after he filed his grievances with the Department of Housing and Urban Development (HUD).

The district court entered a Case Management and Scheduling Order on January 4, 2012, stating that the parties would have to complete discovery by November 30, 2012. On the day that discovery was scheduled to close, Fisher filed a motion to extend discovery for another 60 days, which the district court denied.

3

The defendants then filed a motion for summary judgment, which the district court granted in part and dismissed in part.  The district court granted summary judgment to the defendants on Fisher's discrimination and retaliation claims.  The district court then dismissed Fisher's state law claims after declining to exercise supplemental jurisdiction.  Fisher filed a motion for relief from the judgment pursuant to Rule 60(b), which was denied.  Fisher now appeals.

## II.

Fisher's primary argument is that summary judgment was inappropriate here because there were still disputed issues of material fact relating to his claims.  We review de novo a district court's grant of summary judgment, viewing all evidence and drawing all reasonable inferences in favor of the non-moving party.  Rine v. Imagitas, Inc., 590 F.3d 1215, 1222 (11th Cir. 2009).  A court should grant summary judgment when, "after an adequate time for discovery, a party fails to make a showing sufficient to establish the existence of an essential element of that party's case."  Nolen v. Boca Raton Cmty. Hosp., Inc., 373 F.3d 1151, 1154 (11th Cir. 2004).  Finally, genuine disputes of facts are "those in which the evidence is such that a reasonable jury could return a verdict for the non-movant.  For factual issues to be considered genuine, they must have a real basis in the record." Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 919 (11th Cir. 1993).

## A.

We first consider whether summary judgment was appropriate for Fisher's discrimination claims. Fisher argues that these claims were not ripe for summary judgment because there was a factual dispute regarding the reasonableness of his requests to keep his air-conditioner, washer, and dryer. He specifically disputes the district court's finding that Fisher's personal appliances would potentially overload the Viridian's limited electrical infrastructure.

The Fair Housing Act[1] prohibits discrimination "in the provision of services or facilities in connection with [a] dwelling, because of a handicap." 42 U.S.C. § 3604(f)(2). Discrimination includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." Id. § 3604(f)(3)(B). To prevail on a discriminatory failure-to-accommodate claim, a plaintiff must establish that (1) he is disabled or handicapped within the meaning of the FHA, (2) he requested a reasonable accommodation, (3) such accommodation was necessary to afford him an opportunity to use and enjoy his dwelling, and (4) the defendants refused to make

---

[1] Although Fisher also brought claims under the Florida Fair Housing Act and the Rehabilitation Act, the district court evaluated each of the claims under the same framework applicable to Fair Housing Act claims. On appeal, Fisher also does not make any arguments specific to the Florida Fair Housing Act or the Rehabilitation Act. As a result, we confine our analysis to the Fair Housing Act. See Schwarz v. City of Treasure Island, 544 F.3d 1201, 1211–12 (11th Cir. 2008) (reviewing the plaintiff's various discrimination claims solely under the FHA).

5

the requested accommodation.  See Schwarz v. City of Treasure Island, 544 F.3d 1201, 1218–19 (11th Cir. 2008).

The plaintiff has the burden of proving that a proposed accommodation is reasonable.  Loren v. Sasser, 309 F.3d 1296, 1302 (11th Cir. 2002) (per curiam).  "Whether a requested accommodation is required by law is highly fact-specific, requiring case-by-case determination."  Id. (quotation marks omitted).  An accommodation is not reasonable if it imposes undue financial and administrative burdens on the defendant.  See Schwarz, 544 F.3d at 1220.

With these legal principles in mind, we conclude that the district court correctly granted summary judgment to the defendants on Fisher's discrimination claims.  As for the denial of Fisher's requests to keep his appliances, the defendants hired an architectural expert to explore the feasibility of accommodating personal appliances in the Viridian.  The expert stated that the electrical panels servicing the Viridian were already operating at near-maximum capacity and could not accept the additional load of an air-conditioner or a washer and dryer.  The expert also stated that upgrading the electricity panels to increase their capacity would be prohibitively expensive.

Fisher presented no evidence to the District Court to dispute these findings.  Instead, he argued that his requests were reasonable because past owners had never said that the appliances were a problem.  This assertion alone, however, does not

rebut the evidence in the record that Fisher's appliances created an administrative and financial burden on the defendants. It may have been the case, for example, that previous owners were unaware that the Viridian's electrical panels were near full capacity. More importantly, the ban on large appliances was not imposed until after the Viridian underwent substantial renovations, including an overhaul of its central air system. In light of these renovations, the Viridian's old policies regarding large personal appliances may no longer have been feasible. As a result, we agree that Fisher failed to prove that his requested accommodations were reasonable.

Fisher counters that there is a genuine issue of material fact here because the defendants' expert assumed that Fisher's appliances were "typical" in their energy consumption. Unlike typical air-conditioners, washers, and dryers, Fisher argues that his appliances are energy efficient, and their operation would not require the defendants to expand the capacity of the Viridian's electrical panels.

Fisher's assertions cannot help him now because he presented none of these facts to the district court. Had he done so, the district court may have found that there was a factual dispute regarding the reasonableness of his requests. Because he did not, however, Fisher's argument is simply based on bare assertions rather than facts and evidence in the record. As a result, we cannot say that Fisher has

established a genuine issue of material fact regarding the reasonableness of his requests.[2]

## B.

We next consider whether the district court erred in granting summary judgment on Fisher's retaliation claims. After Fisher complained to HUD about the defendants' refusals to allow him to keep his appliances, Fisher alleges that the defendants retaliated against him in two ways. First, when the defendants temporarily moved Fisher to another apartment during the renovations to his unit, Fisher alleges that the defendants failed to take pictures or video of all of his valuables. Second, he also alleges that the defendants delayed the return of his belongings for two months after he returned to his unit.

The FHA's anti-retaliation provision states that it is unlawful "to coerce, intimidate, threaten, or interfere with any person . . . on account of his having exercised or enjoyed . . . any right granted or protected by [the FHA]." 42 U.S.C. § 3617. In Sofarelli v. Pinellas County, 931 F.2d 718 (11th Cir. 1991), for example, we held that a plaintiff stated a colorable claim under § 3617 by alleging

---

[2] Construing Fisher's pro se briefing liberally, he also appears to challenge the district court's grant of summary judgment to the defendants on his discrimination claim regarding his request for new handrails. On this issue, we agree with the district court that the defendants expressly refrained from making a decision on Fisher's request until he specified what types of handrails he wanted and where he wanted them. Because there was no evidence that the defendants unambiguously denied Fisher's request, his discrimination claim under the FHA fails as a matter of law. See Schwarz, 544 F.3d at 1219 ("Simply put, a plaintiff must actually request an accommodation and be refused in order to bring a reasonable accommodation claim under the FHA.").

that the defendants interfered with his efforts to move into a neighborhood on account of the plaintiff's race.  Id. at 722.

The district court properly granted summary judgment here because Fisher could not establish that the defendants' adverse actions were "on account of" his decision to file a complaint with HUD.  42 U.S.C. § 3617.  In support of his retaliation claim, Fisher alleges that he filed his complaint on February 25, 2010.  The defendants did not move Fisher out of his apartment, however, until May 27, 2010—more than three months after Fisher filed his complaint.  Without any other evidence of a retaliatory motive in the record, the three-month delay between Fisher's complaint and the alleged adverse action was too long to establish a causal connection under our precedent.  See Higdon v. Jackson, 393 F.3d 1211, 1220–21 (11th Cir. 2004) (holding that a three-month period between the protected conduct and the adverse action was not sufficient to allow a reasonable inference of causality in an Americans with Disabilities Act retaliation suit); Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1364 (11th Cir. 2007) ("A three to four month disparity between the statutorily protected expression and the adverse employment action is not enough."); Clark Cnty. School Dist. v. Breeden, 532 U.S. 268, 273, 121 S. Ct. 1508, 1511 (2001) (noting that temporal proximity between protected activity and adverse action in Title VII retaliation suits must be "very close" in order to be sufficient evidence of causality).  As a result, Fisher failed to show that

9

the adverse actions he suffered were "on account of" his decision to file a complaint with HUD.

## II.

Finally, we consider Fisher's argument that the district court erred by denying his motion to extend discovery. Fisher argues that the district court should have granted an extension because he needed the additional time to resolve material issues regarding his medical records and tenant records he had requested from the defendants.

We review a district court's discovery rulings for an abuse of discretion. Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1306 (11th Cir. 2011). "Discretion means the district court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." Id. (quotation marks omitted). In other words, "we will leave undisturbed a district court's ruling unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard." Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc., 420 F.3d 1317, 1325 (11th Cir. 2005). In addition, discovery rulings will not be overturned "unless it is shown that [they] resulted in substantial harm to the appellant's case." Iraola & CIA, S.A. v. Kimberly-Clark Corp., 325 F.3d 1274, 1286 (11th Cir. 2003) (internal citation and quotation marks omitted).

Federal Rule of Civil Procedure 16(b)(3)(A) states that a district court must issue a scheduling order that sets a limit on the amount of time to complete discovery. The schedule set forth by the court may only be modified for good cause and with the court's consent. Fed. R. Civ. P. 16(b)(4). To establish good cause, the party seeking the extension must establish that the schedule could not be met despite the party's diligence. See Oravec v. Sunny Isles Luxury Ventures, L.C., 527 F.3d 1218, 1232 (11th Cir. 2008).

Against this legal backdrop, we cannot conclude that the district court abused its discretion here by refusing to extend the discovery period. The court entered its scheduling order in January 2012, providing for nearly eleven months of discovery. Fisher, however, gave the court no indication that he would be seeking an extension until the day that discovery was scheduled to close. Beyond that, the district court also pointed out that granting a discovery extension would create a chain reaction of delay, pushing back the schedule for summary judgment motions and trial. Under these circumstances, we cannot say that the district court abused its discretion by refusing to grant Fisher's last-minute extension. See Josendis, 662 F.3d at 1307 (noting that district courts have the authority to grant extensions of the discovery deadline for good cause, but they are under no obligation to do so); Bearint ex rel. Bearint v. Dorell Juvenile Grp., Inc., 389 F.3d 1339, 1348–49 (11th

11

Cir. 2004) (upholding district court's decision to exclude an expert report disclosed after the deadline the court had established for its submission).

III.

For these reasons, we affirm the district court's grant of summary judgment to the defendants on Fisher's discrimination and retaliation claims.  We also affirm the district court's denial of Fisher's motion to extend discovery.[3]

**AFFIRMED.**

---

[3] Fisher also appears to argue that the district court erred by considering certain documents before ruling on the defendants' motion for summary judgment.  Fisher did not raise these evidentiary challenges in the district court, however, and for that reason, we decline to consider these issues on appeal.  See Access Now, Inc. v. Southwest Airlines, Co., 385 F.3d 1324, 1331 (11th Cir. 2004) ("This Court has repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court.") (quotation marks omitted).