**NORTHSIDE REALTY ASSOCIATES, INC., et al.,**

v.

**Pat CHAPMAN et al.**

**Civ. No. C75–1705A.**

United States District Court, N. D. Georgia, Atlanta Division.

March 31, 1976.

Harold L. Russell, Gambrell, Russell, Killorin, Wade & Forbes, Atlanta, Ga., for plaintiffs.

Michael A. Doyle, Charles S. Johnson, III, Peter Kontio, H. James Winkler, Michael G. Wasserman, Susan Hoy, William L. Rothschild, of Alston, Miller & Gaines, Gale W. Mull, John F. Sweet, of Mull & Sweet, Atlanta, Ga., Martin E. Sloane, Jay P. Mulkeen, of National Committee Against Discrimination in Housing, Inc., of Washington, D. C., for defendants.

Joseph Ray Terry, Jr., of Crosland, Myer, Rindskopf & Terry, Atlanta, Ga., for defendant Elena de Give.

M. David Harrison, Marietta, Ga., for Atlanta Region Open Housing Coalition.

Henry L. Bowden, Isabel Gates Webster, City of Atlanta Law Dept., Atlanta, Ga., for defendant Pat Chapman.

## ORDER

O'KELLEY, District Judge.

This action is before the court on the plaintiffs' motion to remand the case to the Fulton Superior Court. On June 9, 1975, the United States filed a motion for civil contempt and supplemental relief against Northside Realty Associates, Inc. [hereinafter referred to as "Northside"] and Ed A. Isakson in Civil No. 13932 alleging that these defendants had violated the terms of a permanent injunction enjoining certain violations of the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.*, entered by the court on December 29, 1971, and September 25, 1973, as modified by an order of February 4, 1974. In the course of that action for civil contempt, this court ruled that the United States had to establish a prima facie case for contempt by submitting affidavits before any discovery would be allowed, and the United States responded by submitting the affidavits of "testers" who had partici-

pated in an organized program of auditing and checking Northside and other real estate firms to test their compliance with the Fair Housing Act. Through discovery in the contempt action, Northside learned of this testing activity, and upon such discovery, the plaintiffs[1] in the instant action brought suit in the nature of a class action on behalf of themselves and all other real estate agents, brokers, and companies similarly situated against the named defendants and purportedly against all other "testers" who had engaged in similar activities in Fulton Superior Court seeking damages for interference with economic relations, trespass, nuisance, implied contract, unjust enrichment, and libel. The defendants removed the action to this court pursuant to 28 U.S.C. § 1443, and Northside now moves to remand.

In their petition for removal pursuant to 28 U.S.C. § 1443, the defendants allege *inter alia* that their activities are expressly protected by the Fair Housing Act of 1968, 42 U.S.C. §§ 3601 *et seq.*; that the state action is brought against them for having exercised and enjoyed, and for their having aided and encouraged others in the exercise and enjoyment of, the right to equal housing opportunity without regard to race or color, a right specifically conferred by 42 U.S.C. § 3617; and that the state action has the effect of coercing, intimidating, threatening, and otherwise interfering with them in the exercise and enjoyment of, and on account of their having aided and encouraged others in the exercise and enjoyment of, the right to equal housing opportunity.

The plaintiffs move to remand, contending that removal is not proper under 28 U.S.C. § 1443(1) because the conduct of the defendants which gives rise to plaintiffs' cause of action is not within the scope of activity protected by a federal civil rights act; that the alleged denial of civil rights which is a prerequisite to removal must result from the operation of a specific Georgia constitutional or statutory provision

which would require the courts of Georgia to dispose of plaintiffs' cause of action in such a manner as to infringe on defendants' federal civil rights; that no such Georgia statute or constitutional provision exists; and that no reason is cited why a state judge is any less able to determine the scope of their alleged federal rights than a federal judge.

■ The question of whether or not removal is proper in this case is governed by 28 U.S.C. § 1443(1) which provides:

Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

.    .    .    .    .

In evaluating a removal case pursuant to the above section, consideration must first be given to two Supreme Court cases decided the same day interpreting that section— *Georgia v. Rachel*, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966), and *City of Greenwood v. Peacock*, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966). *Rachel* provides that a defendant is entitled to remove his case pursuant to 28 U.S.C. § 1443(1) only if both requirements of the subsection are met. "They must show both that the right upon which they rely is a 'right under any law providing for .  . equal civil rights,' and that they are 'denied or cannot enforce' that right in the courts of Georgia." 384 U.S. at 788, 86 S.Ct. at 1788, 16 L.Ed.2d at 931.

■ The phrase "any law providing for .  .  . equal civil rights" was interpreted to mean any law providing for specific civil

---

1. The plaintiffs consist of several officers and sales personnel of Northside and Northside itself.

rights in terms of racial equality, "such as the historic and recent equal rights statutes, as distinguished from laws, of which the due process clause and 42 U.S.C. § 1983 are sufficient examples. . . ." *Id.* at 792, 86 S.Ct. at 1790, 16 L.Ed.2d at 934. The Civil Rights Act of 1964 providing for the right to racially nondiscriminatory service in places of public accommodation is such a statute. *Rachel; Johnson v. Mississippi*, 488 F.2d 284 (5th Cir. 1974), *aff'd*, 421 U.S. 213, 95 S.Ct. 1591, 44 L.Ed.2d 121 (1975). The Voting Rights Act of 1965, 42 U.S.C. § 1971 *et seq.*, is also such a statute. *Thompson v. Brown*, 434 F.2d 1092 (5th Cir. 1970); *Whatley v. City of Vidalia*, 399 F.2d 521 (5th Cir. 1968). Just as these statutes bestow certain basic rights regardless of race, so does the Fair Housing Act of 1968, 42 U.S.C. §§ 3601 *et seq.*, which denies discrimination in the sale or rental of housing on the basis of race. In *Whatley*, the Fifth Circuit held that 42 U.S.C. § 1973i(b) of the Voting Rights Act, which specifically forbade any "attempt to intimidate, threaten, or coerce any person for urging or aiding any person to vote or attempt to vote," created a new legal right which provides for equal civil rights. Similarly, 42 U.S.C. § 3617 makes it "unlawful to coerce, intimidate, threaten, or interfere with any person . . . on account of his having aided or encouraged any other person in the exercise or enjoyment of any right granted" by sections of the Fair Housing Act. Under the reasoning of *Rachel, Thompson v. Brown, supra*, and *Whatley*, this section clearly creates a legal right which provides for equal civil rights. Accordingly, the Fair Housing Act relied upon by the defendants is such a statute that satisfies the first prong of § 1443.

The second prong requires a showing that the removal petitioner is "denied or cannot enforce" the specific federal right in the state court. In *Johnson v. Mississippi*, 421 U.S. 213, 95 S.Ct. 1591, 44 L.Ed.2d 121 (1975), the Supreme Court explained this requirement:

This provision normally requires that the "denial be manifest in a formal expression of state law," *Georgia v. Rachel, [supra]*, at 803, 86 S.Ct., at 1796, such as a state legislative or constitutional provision, "rather than a denial first made manifest at the trial of the case." *Id.*, at 799, 86 S.Ct., at 1794. Except in the unusual case where "an equivalent basis could be shown for an equally firm prediction that the defendant would be 'denied or cannot enforce' the specified federal rights in the state court," *id.*, at 804, 86 S.Ct., at 1796, it was to be expected that the protection of federal constitutional or statutory rights could be effected in the pending state proceedings, civil or criminal. Under § 1443(1),

"the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." *City of Greenwood v. Peacock, supra*, [384 U.S.] at 828, 86 S.Ct. 1800.

421 U.S. at 219–220, 95 S.Ct. at 1595, 44 L.Ed.2d at 128. The reasoning behind this requirement is that except where there is some state statute or constitutional provision, the application of which will clearly act to deny the defendant some federally protected right, the federal courts must presume that state courts of competent jurisdiction will obey the applicable law and will not unlawfully discriminate or fail to correct any injustices which are perpetrated by others. "The civil rights removal statute does not require and does not permit the judges of the federal courts to put their brethren of the state judiciary on trial." *Greenwood v. Peacock*, 384 U.S. 808, 828, 86 S.Ct. 1800, 1812, 16 L.Ed.2d 944–957 (1966). The plaintiffs in the case *sub judice* contend that there is no applicable Georgia statute or constitutional provision which will act to deny these defendants any federal protected rights which they might have and that this court must presume that the state court judge will be competent to enforce

the Constitution and laws of the United States so that any federally protected right of the defendants will be protected. This argument has much appeal in light of our system of federalism, and this court is confident that my brethren on the Fulton Superior Court bench would act properly in seeing that any federal rights of these defendants are protected. The absence of any Georgia statute or constitutional provision which would clearly deny the defendants the protection of their federally protected rights in this case would in all probability require this court to remand the present action if it were not for the narrow exception to this rule enunciated in *Rachel. Rachel* dealt with a situation where the federal civil rights statute involved prohibited any attempt to punish one for exercising or for attempting to exercise any right secured by the public accommodation statutes. In light of its decision in *Hamm v. City of Rock Hill*, 379 U.S. 306, 85 S.Ct. 384, 13 L.Ed.2d 300 (1964), the Court in *Rachel* held that the defendants had a right not to be prosecuted for their actions in peacefully attempting to obtain service at a place of public accommodation and that, therefore, the "burden of having to defend the prosecutions is itself the denial of a right explicitly conferred by the Civil Rights Act of 1964 . . . ." 384 U.S. at 805, 86 S.Ct. at 1797, 16 L.Ed.2d at 941. This exception is clearly noted in *Peacock*, 384 U.S. 808, 826, 86 S.Ct. 1800, 1811, 16 L.Ed.2d 944, 955. The question that now must be considered is whether the mere bringing of the state court action similarly violates the defendants' rights under 42 U.S.C. § 3617.

As noted above, 42 U.S.C. § 3617 provides that it shall be "unlawful to coerce, intimidate, threaten, or interfere with any person . . . on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected" by certain sections of the Fair Housing Act. In *Whatley v. City of Vidalia*, 399 F.2d 521 (5th Cir. 1968), the Fifth Circuit interpreted essentially identical language contained in the Voting Rights Act, 42 U.S.C. § 1973i(b), and

held that this language brought the action within the narrow exception of *Rachel* so that the mere bringing of the action in state court would deny these defendants their federally protected right if they could establish that the action was brought against them because of their exercise of their federal right to assist others in registering to vote. After discussing *Rachel*, the court noted:

> In either case, Congress has prohibited not only the conviction of a person for carrying on these activities, but, in the case of public accommodations, has expressly prohibited any person from *punishing* or *attempting to punish* any person for exercising these rights, and in the case of assisting others to vote, has prohibited anyone from *intimidating, threatening* or *coercing*. The Supreme Court has not held that these words do not comprehend spurious prosecutions for protected rights.
>
> The allegations in the removal petitions here asserted rights that are now protected by the 1965 amendment to the Voting Rights Law—that is the assisting of others in registering to vote—and expressly *invoked* prohibitory language of Section 1973i(b) that on the face appears to be more rather than less of a prohibition of official acts of harassment than the limited proscription of "attempts to punish" held by the Court as sufficient to meet the second requirement in *Rachel*.

*Id.* at 526. Since the language of 42 U.S.C. § 3617 is essentially identical to that in 42 U.S.C. § 1973i(b), the holding of *Whatley* is equally applicable to the case *sub judice*, and the allegations in the petition for removal thus place this case within the exception of *Rachel*.

The motion to remand this case must thus be denied at the present time in order for the defendants to have an opportunity to establish the correctness of their allegations that they were engaged in activity protected by 42 U.S.C. § 3617, that the state court action was brought against them for their having aided and encouraged others in the exercise and enjoyment of the right to

equal housing opportunity without regard to race, and that the action has the effect of coercing, intimidating, threatening, and otherwise interfering with their rights under § 3617. See *Rachel*, 384 U.S. at 805, 86 S.Ct. at 1797, 16 L.Ed.2d at 941, *Whatley*, 399 F.2d at 526. Of course, the plaintiffs would have the opportunity to show that some or all of the activity of some or all defendants exceeded that which is protected and that the state court action was not brought to and, in fact, does not coerce, intimidate, or threaten the defendants from engaging in protected activity.

For the foregoing reasons, the plaintiffs' motion to remand is DENIED.

IT IS SO ORDERED this 31st day of March, 1976.