Marvin Boyce GABLE, Plaintiff,

v.

LOCAL UNION # 387 INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, AND ORNAMENTAL IRON WORKERS, Defendants.

No. 1:88–CV–26–RHH.

United States District Court,
N.D. Georgia,
Atlanta Division.

April 6, 1988.

Michael Van Stephens, II, McNally Fox Mahler & Cameron, Fayetteville, Ga., for plaintiff.

James T. Langford and Harris Jacobs, Jacobs & Langford, Atlanta, Ga., for defendants.

## ORDER

ROBERT H. HALL, District Judge.

This case, which involves an employment contract dispute between a union's business agent and his union over three weeks vacation pay, is currently before the court on plaintiff's motion for remand. On November 20, 1987, plaintiff filed this action in the State Court of Fulton County, Georgia. Service was accomplished on December 8, 1987. On January 6, 1988, defendant filed a petition for removal with this court contending that a question of federal law is an essential element in this case. Plaintiff contends that his complaint presents no federal question and seeks an order remanding the case to state court.

In his complaint, plaintiff alleges that he was employed as a business agent for the defendant and as such accumulated three weeks of vacation pay pursuant to Article 7, Section 2, Paragraph 1, of the Bylaws of the defendant union local. The amount claimed totals $2,137.20. Plaintiff alleges

that during January 1985, plaintiff submitted his request for vacation pay to the defendant union, but that defendant has failed to pay plaintiff the vacation pay earned. Plaintiff identifies the contract in dispute as the Bylaws and Constitution of Local 387 which he alleges entitle him to vacation pay in the amount claimed.

■ On motion to remand, the party originally seeking removal retains the burden of establishing that removal is proper. Thus, defendant has the burden of demonstrating that this court has jurisdiction to hear this case. If there is doubt concerning the court's jurisdiction, the case should be remanded. *Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 662 (7th Cir. 1976); *Cowart Iron Works, Inc. v. Phillips Construction Co.*, 507 F.Supp. 740, 743–44 (S.D. Ga.1981).

■ The issue before the court is whether this case presents a federal question. While the well-pleaded complaint rule applies to removal of actions, the plaintiff cannot attempt to subvert a potential removal through the use of artful pleading to hide the federal question. *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 397 n. 2, 101 S.Ct. 2424, 2427, n. 2, 69 L.Ed.2d 103 (1981). Plaintiff's complaint does not allege any violation of federal law but appears to allege a cause of action for breach of contract. Defendant contends that plaintiff has artfully plead his complaint to hide a federal question and that the complaint actually states a cause of action that is pre-empted by the Labor Management Relations Act (LMRA).[1]

The federal removal statute, 28 U.S.C. § 1441(b) provides:

Any civil action over which the district courts have original jurisdiction founded on the claim or right arising under the constitution, treaties or laws of the Unit-

ed States shall be removable without regard to the citizenship or residence of the parties.

In *In re Ben Carter*, 618 F.2d 1093 (5th Cir.1980), the court reiterated the proper posture for a district court in inspecting a complaint on motion for remand.

For a case to "arise under" one of the stated sources of federal law, a right or immunity created by one of those sources "must be an element, and an essential one, of plaintiff's cause of action.... [that] right or immunity must be such that it will be supported if the Constitution or law as of the United States are given one construction or effect and defeated if they receive another." *Gully v. First National Bank in Meridian*, 299 U.S. 109 [57 S.Ct. 96, 81 L.Ed. 70] (1936) (citations omitted). The federal controversy must be disclosed on the face of the complaint, unaided by the answer or by the petition for removal. *Id.* at 113 [57 S.Ct. at 98]; *see also Louisville & R Co. v. Mottley*, 211 U.S. 149 [29 S.Ct. 42, 53 L.Ed. 126] (1908); *Tennessee v. Union and Planter's Bank*, 152 U.S. 454 [14 S.Ct. 654, 38 L.Ed. 511] (1894). On the other hand, the accepted rule in this circuit is that upon removal, the removal court should inspect the complaint carefully to determine whether a federal claim is necessarily presented even if the plaintiff has couched his claim exclusively in terms of state law. *See Romick v. Bekins Van & Storage Company*, 197 F.2d 369 (5th Cir.1952). The reviewing court looks to the substance of the complaint not the labels used in it. *See Smith v. Local 29, Sheet Metal Workers International Association*, 500 F.2d 741, 748–49 n. 6 (5th Cir.1974).

*Id.* at 1100–1101.

Defendant contends that this court has jurisdiction because plaintiff's complaint

---

**1.** In the past, a court finding for defendant on this issue would have been obliged not to allow removal, but to dismiss the claim for lack of subject matter jurisdiction. Federal Courts have exclusive jurisdiction over suits arising under the LMRA. The state court, thus, would never have had proper jurisdiction over such a case and the federal court could not have maintained derivative jurisdiction over the action.

This anomalous result, however, was abolished by amendment to the removal statute 28 U.S.C. § 1441, which provided that a federal court is not precluded from hearing a claim because the state court from which the civil action is removed did not have jurisdiction over the claim. *See* Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3721 (1987 Pocket Part).

states a cause of action that falls within the scope of section 301 of the LMRA, 29 U.S.C. § 185(a). Section 301 states as follows:

Suits for violations of contracts *between an employer and a labor organization* representing employees in any industry affecting commerce as defined in this chapter, *or between any such labor organizations,* may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a) (emphasis added).

The parties contest essentially three issues: (1) Does Section 301 give the court jurisdiction over a dispute between an individual union member and the union to which he belongs? (2) Are the bylaws to the union constitution "contracts" within the meaning of section 301? (3) Does the Supreme Court's decision in *United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry v. Local 334,* 452 U.S. 615, 101 S.Ct. 2546, 69 L.Ed.2d 280 (1981) abolish the "significant impact" requirement in a suit by an individual union member against his or her union based on a violation of the bylaws of the union constitution? [2]

There is a conflict among the federal circuits concerning whether section 301 confers jurisdiction on federal courts to entertain contract disputes between individual union members and their union based on the union constitution. The Second and Ninth Circuits and one district court in the Eighth Circuit have held that section 301 encompasses such suits by individual union members. *See Abrams v. Carrier Corp.,* 434 F.2d 1234, 1247 (2d Cir.1970), *cert. denied sub. nom. Steelworkers v. Abrams,* 401 U.S. 1009, 91 S.Ct. 1253, 28 L.Ed.2d 545 (1971); *Kinney v. International Brotherhood of Electrical Workers,* 669 F.2d 1222

(9th Cir.1981) (as amended in 1982) (citing *Stelling v. International Brotherhood of Electrical Workers Local Union Number 1547,* 587 F.2d 1379 (9th Cir.1978)); *Alford v. National Post Office Mail Handlers,* 576 F.Supp. 278 (E.D.Mo.1983).

The Sixth Circuit and a district court in the Third Circuit have held that section 301 does not embrace suits by individual union members against their unions. *See Trail v. International Brotherhood of Teamsters,* 542 F.2d 961 (6th Cir.1976); *Frenza v. Sheet Metal Workers' International Association,* 576 F.Supp. 580, 585 (E.D.Mich. 1983); *Petrowski v. Kilroy,* 609 F.Supp. 220 (E.D.Pa.1985) (adopting the position of the Sixth Circuit in *Trail* ).

This issue is not a novel one in the Eleventh Circuit. In *Alexander v. International Union of Operating Engineers, AFL–CIO,* 624 F.2d 1235 (5th Cir.1980), the former Fifth Circuit confronted a suit on behalf of two individual union members against their local and international union. Although not explicitly discussing the issue, the court assumed jurisdiction over the section 301 claim in deciding the case. The court discussed *Smith v. Evening News Association,* 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962) (holding that an individual union member could sue under section 301 for breach of an arbitration agreement), and noted that jurisdiction under section 301 was proper as long as the suit was based on a contract between labor organizations or between a labor organization and an employer. 624 F.2d at 1238; *See also Alford v. National Post Office Mail Handlers,* 576 F.Supp. 278, 283 (E.D. Mo.1983). The court went on to conclude that a union constitution could be a "contract" between labor organizations and effectively held that an individual union member could state a claim under section 301 for violations of the union constitution. Thus, this court believes the rule in this circuit is that union members may sue their

---

2. Courts reading section 301 to give federal jurisdiction over a dispute between an individual union member and the union to which he belongs have required that the party seeking federal court jurisdiction under section 301 also demonstrate that the alleged violation creates a

threat to industrial peace or has a significant impact on labor-employer relations. *See Alexander v. International Union of Operating Engineers, AFL–CIO,* 624 F.2d 1235 (5th Cir.1980) (and citations therein); *see also* discussion *infra.*

union under section 301 for breach of contract based on their union constitution.[3]

This court also believes that under the reasoning in *Alexander*, 624 F.2d at 1238–39 and *Plumbers & Pipefitters*, 452 U.S. at 621–22, 101 S.Ct. at 2550, the bylaws of a union constitution may also be considered a "contract" under the meaning of section 301. Extending the contract analogy, bylaws are analogous to specific contract terms or to an addendum adding terms to the original contract. Both the employer union and the employee member are bound by these terms. The court sees no reason to draw a distinction between a constitution and its bylaws. *See Pruitt v. Carpenters, Local 225*, No. 86–CV–101–GET (Tidwell, J.) (N.D.Ga. June 2, 1987) (construing a union constitution and bylaws as a "contract" within the meaning of section 301).

Following the lead of numerous other circuits, the former Fifth Circuit held that for purposes of conferring jurisdiction under section 301, the alleged violation "must create a threat to industrial peace or have a significant impact upon labor-employer relations." *Alexander*, 624 F.2d at 1238. The court clarified that jurisdiction depends on whether there is a contract between an employer and a labor organization or between two labor organizations. While the lawsuit "need not necessarily be between an employer and a labor organization or between labor organizations (citations omitted), the contract upon which the suit is based must be between such parties." (citations omitted). *Id.* at 1238.[4] The court implicitly rejected the argument that the word "between" in section 301 refers to "suits" rather than "contracts" and that the only suit authorized by section 301 to enforce the collective bargaining agreement would be one between the labor organization and the employer. The *Alexander* court also recognized however that the purpose of the LMRA is not to regulate strict-

ly intraunion affairs. *Id.* at 1238. Rather, to come within the purview of section 301, the alleged violation must have some effect on external labor-employer relationships. *Id.* The court specified that the required level of this "effect" is that the violation must have a "significant impact" on those relationships.

In support of its contention that this court has jurisdiction, defendant contends that recent decisions of the Supreme Court and the Eleventh Circuit eliminate the "significant impact" requirement imposed in *Alexander*. In *Journeymen supra*, the Supreme Court expressly eliminated the "significant impact" requirement as a prerequisite for jurisdiction under section 301 for suits between labor organizations. 452 U.S. at 624–25, 101 S.Ct. at 2551–52. Several courts have extended the *Journeymen*, court's holding to eliminate the "significant impact" requirement in all contexts, including suits brought by individual members based on violations of the union constitution. *Kinney supra*, 669 F.2d 1229 (the Ninth Circuit); *Pruitt v. Carpenters, Local 225*, No. 86–CV–101–GET (N.D.Ga. June 2, 1987) (Tidwell, J.); *Davis v. American Postal Workers Union*, 582 F.Supp. 1574 (S.D.Fla.1984).

■ The Eleventh Circuit, however, has not decided whether the decision in *Journeymen* mandates the elimination of the "significant impact" requirement in a suit by individual union members against their union based on a violation of the union constitution. *Rutledge v. Aluminum Brick & Clay Workers International Union*, 737 F.2d 965, 970 (11th Cir.1984). This court declines to extend the holding of the *Journeymen* case to member/union suits and believes that there are principled reasons to retain the "significant impact" requirement in this situation.

---

3. The Eleventh Circuit has adopted Fifth Circuit decisions prior to October 1, 1981 as binding precedent for the Eleventh Circuit. *Bonner v. City of Prichard, Alabama*, 661 F.2d 1206 (11th Cir.1981).

4. The Supreme Court in *Journeyman supra* confirmed that union constitutions are "contracts between ... labor organizations" and not merely contracts between the union and its members or among the members themselves. 452 U.S. at 621–22, 101 S.Ct. at 2550; *cf. Id.* at 627–628, 101 S.Ct. at 2553–54 (Burger, C.J. dissenting).

First, in *Journeymen* the court had before it a lawsuit between two labor organizations. It did not consider a lawsuit involving a member suing his union. Indeed, the court explicitly declined to rule on the propriety of such a suit. 452 U.S. at 627, n. 16, 101 S.Ct. at 2553, n. 16. This court believes, therefore, that *Alexander* remains binding precedent.

Second, the Court, in rejecting the requirement that in order to confer jurisdiction under section 301 "the disputes between local and parent unions must involve events which potentially have a significant impact on labor-management relations or industrial peace," held that "[n]othing in the language and legislative history of § 301(a) suggests any special qualification or limitation on its reach, and we decline to interpose one ourselves." 452 U.S. at 623–25, 101 S.Ct. at 2551–52. This holding has great literal force because section 301(a) provides federal jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations." 29 U.S.C. § 185(a). By its plain language, § 301(a) does not place any restriction on its reach such as requiring that the dispute have a significant impact on labor-employer relations.

Nonetheless, it is important to recognize that section 301(a) does not explicitly create a right of action for union members against their unions. As previously noted, there is a split in the authority as to the propriety of such suits. Those courts, like the old Fifth Circuit, that have recognized suits by members against their union under section 301 have essentially read this right of action into the statute and have conditioned this right of action on the existence of a "significant impact" on labor-employer relations. Both of these holdings constitute a court-made "gloss" on the statute. In interpreting the statute to allow member/union suits these courts have said in essence: "if we are going to read this statute to allow you an exclusive federal forum, you must first establish that your dispute will have a 'significant impact' on the labor-employer relationship Congress cared about in passing the LMRA." Because the right of action by a member is itself the result of judicial interpretation, it seems reasonable that a court-made gloss like the "significant impact" requirement is appropriate if it is conceptually and practically justifiable.[5]

■ In the instant case, the complaint involves three weeks of vacation pay plaintiff contends he is entitled to, nothing more. Defendant has not asserted that the circumstances of this dispute could lead to any impact in the relationship between the labor organization and an employer or between two labor organizations, much less a "significant" one. It is difficult to imagine how the circumstances of this case could give rise to such an impact. Absent clearer authority from above, this court is not yet ready to discard what it believes to be the sensible requirement that the facts of a federal case implicate some federally-protected statutory interest. To this court, a contract dispute over vacation pay does not.

The court GRANTS plaintiff's motion to remand and REMANDS this case to the Superior Court of Fulton County where it was originally filed.

---

**5.** None of this is contrary to the Supreme Court's holding in *Plumbers & Pipefitters v. Plumbers & Pipefitters,* 452 U.S. at 624–25, 101 S.Ct. at 2551–52 because that case concerned with a union/union lawsuit.