Glenna ROGERS

v.

Deborah RUCKER.

Civ. No. 2:93–CV–119–WCO.

United States District Court,
N.D. Georgia,
Gainesville Division.

Nov. 8, 1993.

---

Tom Cole, Gainesville, GA, for Glenna Rogers.

Deborah Rucker, pro se.

### ORDER

O'KELLEY, Chief Judge.

The captioned case is before the court on plaintiff's motion to remand. The defendant has responded in opposition to the motion.

Defendant removed the present action to this court from the Magistrate Court of Hall County, Georgia (hereinafter "Magistrate Court"). This action began in the Magistrate Court upon plaintiff's filing of an Affidavit for Summons of Dispossessory [sic] and became known as Case No. MV–93–032668E (herein-after "Claim"). The Claim sought past-due rent, late fees and possession of certain premises from the defendant. The rent, late fees and possession were sought by reason of defendant's failure to pay rent to plaintiff.

The plaintiff has moved the court to remand this action to the Magistrate Court. The defendant removed this case based upon her assertion of certain counterclaims alleging, *inter alia*, racial discrimination by plaintiff against defendant. The counterclaims specifically alleged violations of the Fair Housing Act of 1968 [42 U.S.C. § 3604(b) ] and of the Civil Rights Act of 1866 [42 U.S.C. § 1982]. The defendant further asserts that this action is properly removable pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1441(b) and 28 U.S.C. § 1443.

 On a motion to remand, the party originally seeking removal bears the burden of establishing that removal was proper. *Gable v. Local Union No. 387 Int'l Ass'n of Bridge, Structural, and Ornamental Iron Workers*, 695 F.Supp. 1174, 1175 (N.D.Ga. 1988). If any doubt exists concerning the court's jurisdiction, the case should be remanded. *Id.*

The federal removal statute, 28 U.S.C. § 1441(b), provides:

Any civil action over which the district courts have original jurisdiction founded on the claim or right arising under the constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

"Under our long standing interpretation of the current statutory scheme, the question of whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharmaceuticals v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 3232, 92 L.Ed.2d 650 (1986) (quoting *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9–10, 103 S.Ct. 2841, 2845–46, 77 L.Ed.2d 420 (1983)). "The presence or absence of federal jurisdiction is governed by the 'well-pleaded complaint' rule." *Oklahoma Tax Comm'n v. Graham*, 489 U.S. 838, 840, 109 S.Ct. 1519, 1520, 103 L.Ed.2d 924 (1989).

The application of the well-pleaded complaint rule can defeat federal question jurisdiction. *Id.*

When evaluating a motion to remand, the "federal controversy must be disclosed on the face of the complaint, unaided by the answer or by the petition for removal." *In re Carter,* 618 F.2d 1093, 1100–01 (5th Cir. 1980), *cert. denied sub nom,* 450 U.S. 949, 101 S.Ct. 1410, 67 L.Ed.2d 378 (1981) (citations omitted). Furthermore, the complaint will not avail as a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense. *Gully v. First Nat'l Bank,* 299 U.S. 109, 113, 57 S.Ct. 96, 97–98, 81 L.Ed. 70 (1936).

A statutory exception to the well-pleaded complaint rule exists, however, in 28 U.S.C. § 1443 for certain civil rights actions. The relevant portion of § 1443 provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof....

The Supreme Court has interpreted this section to require a defendant to meet both requirements of § 1443(1) before she can remove her case pursuant to that subsection. *Georgia v. Rachel,* 384 U.S. 780, 788, 86 S.Ct. 1783, 1788, 16 L.Ed.2d 925 (1966). A defendant "must show both that the right upon which they rely is a 'right under any law providing for ... equal civil rights,' and that they are 'denied or cannot enforce' that right in the courts of Georgia." *Id.*

The first prong of § 1443(1) has been interpreted to require the alleged civil rights violations to arise under any law providing for specific civil rights in terms of racial equality, "such as the historic and recent equal rights statutes, as distinguished from laws, of which the due process clause and 42 U.S.C. § 1983 are sufficient examples...." *Id.* at 792, 86 S.Ct. at 1790. The Fair Housing Act is an appropriate statute for removal under § 1443(1). *See Sofarelli v. Pinellas County,* 931 F.2d 718, 724–25 (11th Cir.1991); *Northside Realty Assocs., Inc. v. Chapman,* 411 F.Supp. 1195, 1198 (N.D.Ga.1976).

The second prong of § 1443(1) requires a showing that the petitioner is "denied or cannot enforce" the specific federal right in the state court. *Northside Realty Assocs., Inc.,* 411 F.Supp. at 1198. This prong normally entails a showing that the "denial be manifest in a formal expression of state law." *Johnson v. Mississippi,* 421 U.S. 213, 219–20, 95 S.Ct. 1591, 1595–96, 44 L.Ed.2d 121 (1975) (citing *Rachel,* 384 U.S. at 803, 86 S.Ct. at 1796). A narrow exception exists, however, "when a lawsuit filed in state court is itself the act by which the movant's civil rights are violated." *Sofarelli,* 931 F.2d at 725 (citing *Rachel,* 384 U.S. 780, 86 S.Ct. 1783). This exception will normally require a showing by the petitioner that she was engaged in protected activity, that the state court action was brought against her for having engaged in the protected activity, and that the action has the effect of coercing, intimidating, threatening, and otherwise interfering with her rights under the appropriate statute. *Northside Realty Assocs., Inc.,* 411 F.Supp. at 1199–1200.

The action instituted by the plaintiff in the Magistrate Court was one for past-due rent, late fees and dispossession. The defendant has not denied that she has withheld rent for the relevant time period. She has merely alleged that the action was properly removed to this court because of racial discrimination on the part of the plaintiff. Absent specific factual allegations establishing that the plaintiff's motive in bringing this action was to deter the defendant from engaging in protected activity and that the plaintiff's action "has the effect of coercing, intimidating, threatening and otherwise interfering" with the defendant's rights, the defendant has failed to meet her burden of proving that removal was proper. Defendant's claims merely allege discriminatory treatment in service and maintenance of her apartment. There is no indication from her

pleadings that this action was brought against defendant for any purpose other than collecting past-due rent.

After careful review of the pleadings, it appears to the court that defendant has not alleged facts sufficient to show that the "lawsuit filed in state court is itself [an] act by which the movant's civil rights are violated." *Sofarelli*, 931 F.2d at 725. Furthermore, defendant has not cited any source of Georgia law that manifestly denies her the right to enforce her rights under the Fair Housing Act. The defendant's counterclaims, therefore, do not fall within the scope of § 1443(1).

Because the defendant's counterclaims are not properly removable under § 1443(1), the instant action must be evaluated under § 1441(b) and the standards provided by the well-pleaded complaint rule as set forth by the Court in *Gully*, 299 U.S. 109, 57 S.Ct. 96, and its progeny. The plaintiff's claim in the Magistrate Court merely alleges a state law claim for past-due rent and late fees. Nowhere, on the face of the complaint, can a federal question be derived. Furthermore, defendant's counterclaims, alleging violations of the Fair Housing Act, are ineffective in overcoming the limitations of the well-pleaded complaint rule.

Because the court is without proper jurisdiction over this action, the plaintiff's motion to remand is hereby GRANTED [3–1].