Amir **AKHLAGHI,** Plaintiff,

v.

Tony **BERRY** and Julie Berry, Defendants.

No. 03–2485–JWL.

United States District Court, D. Kansas.

Dec. 11, 2003.

Charles Ball, Kansas City, KS, Lee M. Smithyman, Smithyman & Zakoura, Chtd., Overland Park, KS, for Plaintiff/Counter Defendant.

Constance L. Shidler, Smithyman & Zakoura, Chtd., Overland Park, KS, for Plaintiff.

Gregory V. Blume, Overland Park, KS, for Defendants/Counter Claimants.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

Plaintiff filed multiple actions against defendants in state court seeking unpaid

rent and possession of certain rental property owned by plaintiff. Defendants asserted counterclaims against plaintiff for conversion, abuse of process, malicious prosecution, unlawful interference with their right to lease real property in violation of 42 U.S.C. § 1982 and racial discrimination in violation of the Fair Housing Act, 42 U.S.C. § 3601 et seq. Thereafter, defendants, based on their claims asserted under § 1982 and the Fair Housing Act, removed the case to federal court pursuant to 28 U.S.C. § 1443. This matter is now before the court on plaintiff's motion to dismiss, to remand, or to sever and remand (doc. # 4). As set forth in more detail below, the court concludes that removal was improper under § 1443 and thus remands this case to state court.

## I. Background

In September 2002, defendants Tony and Julie Berry executed an agreement with plaintiff Amir Akhlaghi whereby defendants agreed to rent a house owned by plaintiff in Leawood, Kansas. In February 2003, plaintiff filed a petition for rent and possession against defendants in the Limited Actions division of the District Court of Johnson County, Kansas seeking unpaid rent and late fees incurred from October 2002 through February 2003, possession of the property, forfeiture of defendants' security deposit, and $1000.00 as an additional deposit. The parties settled this lawsuit and the action was dismissed without prejudice in early March 2003.

In April 2003, plaintiff filed a petition for forcible detainer against defendants seeking possession of the property and unpaid rent and late fees for March and April 2003. According to defendants, the parties settled the suit the day before trial when defendants paid to plaintiff the amounts owed to him through May 2003. Defendants further assert that plaintiff agreed to dismiss the suit in light of defendants' payment and that plaintiff assured them that they did not need to appear for trial the next day. When defendants, relying on plaintiff's assertions, did not appear for trial, plaintiff sought and obtained a default judgment and writ of restitution against them. Defendants thereafter moved to set aside the default judgment based on the parties' prior agreement and the state court granted the motion and also set aside the writ of restitution. Thereafter, the state court dismissed plaintiff's petition based on its finding that plaintiff had accepted from defendants the amounts owed to him.

On July 1, 2003, plaintiff filed another petition for rent and possession against defendants, this time seeking unpaid rent and late fees for June 2003, possession of the property, forfeiture of defendants' security deposit, and an additional deposit of $1000.00. The petition was dismissed without prejudice after plaintiff's then-counsel failed to appear for trial. Plaintiff appealed the decision of the court in the Limited Actions division and that appeal is currently pending in the District Court of Johnson County.

In August 2003, plaintiff filed his fourth petition against defendants in the Limited Actions division-a petition for peaceable entry and forcible detainer. In his petition, plaintiff sought unpaid rent and late fees for June 2003 (the subject of the third action currently on appeal), unpaid rent and late fees for July and August 2003, as well as possession of the property. In September 2003, defendants filed an answer and counterclaim to plaintiff's petition, asserting state law claims of conversion, abuse of process and malicious

prosecution as well as federal claims for unlawful interference with their right to lease real property in violation of 42 U.S.C. § 1982 and racial discrimination in violation of the Fair Housing Act, 42 U.S.C. § 3601 et seq. Defendants then removed the case to this court pursuant to 28 U.S.C. § 1443.

## II. Discussion

In his motion, plaintiff moves to dismiss defendants' counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. In the alternative, plaintiff moves to remand the case on the grounds that defendants' removal was improper in the first instance. Finally, plaintiff moves, as an alternative, to sever and remand his claims for possession and unpaid rent. Thus, the court is essentially confronted with two motions-one to dismiss the case on the merits and one to remand the case to state court. In such circumstances, the Tenth Circuit has cautioned that the "better practice [is] to rule first on the motion to remand and if granted to ... sen[d] the motion to dismiss back to the state court." *See In re Bear River Drainage Dist.*, 267 F.2d 849, 851 (10th Cir.1959); *accord* 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3739 at 423 (3rd ed.1998). Thus, the court addresses plaintiff's motion to the extent it seeks to remand the case to state court and, because the court concludes that remand is required as removal was improper under 28 U.S.C. § 1443, it declines to address the merits of plaintiff's

motion to dismiss. *See* 28 U.S.C. § 1447(c); *International Primate Protection League v. Administrators of Tulane Educ. Fund,* 500 U.S. 72, 87, 111 S.Ct. 1700, 114 L.Ed.2d 134 (1991) ("Since the district court had no original jurisdiction over this case, a finding that removal was improper deprives that court of subject matter jurisdiction and obliges a remand under the terms of § 1447(c)." (internal citation omitted) (superseded by statute on other grounds)).

In their notice of removal, defendants expressly assert that removal is proper pursuant to 28 U.S.C. § 1443.[1] In pertinent part, section 1443 provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof. ...

28 U.S.C. § 1443 (1994). The United States Supreme Court has established a two part test for section 1443 removal petitions. *State of Colorado v. Lopez,* 919 F.2d 131, 132 (10th Cir.1990). First, it must appear that "the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'"

---

1. Indeed, removal pursuant to 28 U.S.C. § 1441(b) was not appropriate as the federal question entered the case as a counterclaim asserted by defendants. *See* 14B Charles Alan

Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3722 at 407–14 (3rd ed.1998).

*Id.* (quoting *Johnson v. Mississippi,* 421 U.S. 213, 219, 95 S.Ct. 1591, 44 L.Ed.2d 121 (1975) (quoting *Georgia v. Rachel,* 384 U.S. 780, 792, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966))). Second, it must appear "that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of [the] State.'" *Id.* (quoting *Johnson,* 421 U.S. at 219, 95 S.Ct. 1591) (quoting 28 U.S.C. § 1443(1) (1988)).

In their briefs, the parties seem to assume that defendants' claims of race discrimination under 42 U.S.C. § 1982 and the Fair Housing Act are sufficient to satisfy the first prong of the test articulated by the Supreme Court in *Georgia v. Rachel* and reiterated in *Johnson v. Mississippi. See Water's Edge Habitat, Inc. v. Pulipati,* 837 F.Supp. 501, 505 (E.D.N.Y. 1993) (claims under the Fair Housing Act alleging racial discrimination in housing are entirely consistent with mandate of *Georgia v. Rachel*); *Northside Realty Associates, Inc. v. Chapman,* 411 F.Supp. 1195, 1198 (N.D.Ga.1976) (claims of racial discrimination under Fair Housing Act satisfy first prong of section 1443).

Thus, the court proceeds to the second prong of the test which requires a showing that defendants will be "denied or cannot enforce" the specific federal right in the state court. As explained by the Supreme Court, this particular aspect of section 1443 "normally requires that the denial be manifest in a formal expression of state law, such as a state legislative or constitutional provision." *See Johnson v. Mississippi,* 421 U.S. 213, 219, 95 S.Ct. 1591, 44 L.Ed.2d 121 (1975) (quoting *Georgia v. Rachel,* 384 U.S. at 803, 86 S.Ct. 1783) (citation omitted). By way of example, the Supreme Court has explained that "a state enactment, discriminatory on its face, so clearly authorized discrimination that it could be taken as a suitable indication that all courts in that state would disregard the federal right of equality with which the state enactment was precisely in conflict." *Georgia v. Rachel,* 384 U.S. at 804, 86 S.Ct. 1783. Moreover, as the Supreme Court has cautioned, the requirement that the denial of federal rights in state court be manifest in a formal expression of state law serves two purposes-it ensures that removal is available only in cases where the predicted denial appears with relative clarity prior to trial and ensures that the task of prediction does not involve a detailed analysis by a federal judge of the likely disposition of particular federal claims by particular state courts, a task that would involve "federal judges in the unseemly process of prejudging their brethren of the state courts." *Id.* at 803–04, 86 S.Ct. 1783; *see also* 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3728 at 182–83 (3rd ed. 1998) (The purpose of the "denied or cannot enforce" provision of section 1443 is "to give state courts the power and opportunity to correct alleged denials of a citizen's civil rights whenever possible, and thereby to avoid unnecessary federal interference with state judicial processes.").

■ In their briefs, defendants do not point to any state law that might preclude them from enforcing their federal rights in state court and do not assert that the laws of Kansas will in any way operate to deny them their federal rights under 42 U.S.C. § 1982 or the Fair Housing Act. Rather, defendants assert that plaintiff has abused the state court system in an effort to harass or intimidate defendants because of their race. Specifically, defendants assert that plaintiff has filed multiple actions in state court seeking to recover rent for the

same rental period, has used the state court process to collect attorneys fees and excessive deposit amounts, and has used the state court system to "extract additional deposits" and "demand cash payment of rental amounts" from defendants. Based on plaintiff's "abuse of process" in the state courts, defendants assert that they cannot enforce their rights (or avoid eviction) in state court and can only do so in federal court.

In the absence of any reference to a state law that will deny them their federally protected rights, defendants' allegations are insufficient to meet the standard articulated by the Supreme Court in *Georgia v. Rachel.* Nonetheless, the *Rachel* court acknowledged that the "denial of which the removal provision speaks is 'primarily'... a denial resulting from the Constitution or laws of the State," and thus recognized that there could be those rare instances where "removal might be justified, even in the absence of a discriminatory state enactment, if an equivalent basis could be shown for an equally firm prediction that the defendant would be 'denied or cannot enforce' the specified federal rights in the state court." 384 U.S. at 804, 86 S.Ct. 1783 (quoting *Commonwealth of Virginia v. Rives,* 100 U.S. 313, 319, 25 L.Ed. 667 (1879)); *Johnson v. Mississippi,* 421 U.S. at 219, 95 S.Ct. 1591 (noting that it would be the "unusual" case where it could be shown that an equivalent basis for prediction existed).

*Georgia v. Rachel* was one of those "unusual" cases in which the defendants were able to show an equivalent basis for an equally firm prediction that they would be denied their federal rights in state court. In that case, the defendants alleged in their removal petition that they refused to leave facilities of public accommodation when ordered to do so solely for racial reasons, and that they were charged under a Georgia trespass statute that makes it a criminal offense to refuse to obey such an order. *Georgia v. Rachel,* 384 U.S. at 804, 86 S.Ct. 1783. The Supreme Court held that "any proceedings in the courts of the State will constitute a denial of the rights conferred by the Civil Rights Act of 1964" as that Act "protects those who refuse to obey such an order not only from conviction in state courts, but from prosecution in those courts." *Id.* As the Court continued:

> Hence, if as alleged in the present removal petition, the defendants were asked to leave solely for racial reasons, then the mere pendency of the prosecutions enables the federal court to make the clear prediction that the defendants will be 'denied or cannot enforce in the court of (the) State' the right to be free of any 'attempt to punish' them for protected activity. It is no answer in these circumstances that the defendants might eventually prevail in the state court. The burden of having to defend the prosecutions is itself the denial of a right explicitly conferred by the Civil Rights Act of 1964.

*Id.* at 805, 86 S.Ct. 1783. In other words, removal was appropriate in the *Rachel* case because the particular civil rights statute at issue "specifically conferred on the defendants immunity from any state prosecution for exercising their civil rights under the statute." *See* Wright, Miller & Cooper, *supra,* § 3728 at 189.

By contrast, in *City of Greenwood, Mississippi v. Peacock,* 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966), the Supreme Court held that removal was not appropriate under section 1443 because the requirement of a firm prediction of a denial

of civil rights by the state courts had not been met. In *Peacock*, the defendants alleged in their removal petition that they were being prosecuted for obstructing public streets, assault and battery and various other local crimes. *Id.* at 813 & n. 5, 86 S.Ct. 1800. The defendants further alleged that they were arrested solely because of their race or because they were helping African–Americans assert their rights under various civil rights laws, that they were completely innocent of the charges brought against them, and that they would be unable to obtain a fair trial in state court. *Id.* at 813 n. 6, 826, 86 S.Ct. 1800.

Nonetheless, the Court held that such allegations were insufficient to support removal under section 1443 as the defendants, unlike the defendants in *Rachel*, could point to no federal law conferring on them the right to engage in the specific conduct with which they were charged and there was no federal law conferring immunity from state prosecution on such charges. *Id.* at 826–27, 86 S.Ct. 1800; *see also Johnson*, 421 U.S. at 222, 95 S.Ct. 1591 (holding that removal was not appropriate under section 1443 where defendants alleged only that the statutes underlying the charges brought against them in state court were unconstitutional; that there was no basis in fact for the charges; and that their arrest and prosecution otherwise denied them their constitutional rights).

 In light of the Supreme Court's decisions in *Rachel*, *Peacock* and *Johnson*, it is apparent that defendants have failed to meet their burden of establishing that the requirements for removal under section 1443 have been satisfied. *See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir.2001) (party invoking the federal court's jurisdiction bears the burden of establishing that the requirements for the exercise of removal jurisdiction are present). While defendants complain that plaintiff has abused the state court process by filing multiple actions against them in an effort to collect or even extort monies from them, this is simply not the equivalent of showing that defendants will be denied their civil rights by the state court itself. Defendants have not shown or even alleged that they have been denied their civil rights by the state court and, indeed, the record reflects that the state court has decided several key motions in favor of defendants, including their motion to set aside a default judgment. Moreover, even assuming that plaintiff brought these actions against defendants solely because of their race, that is still not enough to support removal. As the Supreme Court stated in *Peacock*:

> It is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by [the opposing party] in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court. The motives of the [opposing party] bringing the charges may be corrupt, but that does not show that the state trial court will find the defendant guilty if he is innocent, or that in any other manner the defendant will be 'denied or cannot enforce in the courts' of the State any right under a federal law providing for equal civil rights.

*Id.* at 827–28, 86 S.Ct. 1800. Stated another way, defendants have no federally conferred immunity from having to defend the claims brought against them by plaintiff and the civil rights statutes upon which

they rely do not confer upon them the right to engage in the specific conduct of which plaintiff accuses them (*i.e.*, failing to pay rent). *See id.* at 826, 86 S.Ct. 1800. As such, there is nothing about the "very act of bringing the defendant[s] to trial in the state court" that will inevitably deny defendants their civil rights and removal is therefore not supported. *See id.* at 828, 86 S.Ct. 1800.

Defendants assert that the Eleventh Circuit's decision in *Sofarelli v. Pinellas County*, 931 F.2d 718 (11th Cir.1991) supports their claim that removal is proper. The facts presented by defendants here, however, are far different from those presented in *Sofarelli*. In *Sofarelli*, various individuals filed suit against Michael Sofarelli to enjoin him from transporting a house by trailer through John's Parkway, a public roadway in Pinellas County, Florida. *Id.* at 720. After some of the individuals were quoted in the local newspaper as stating that they had racial motivations for halting the house move, Mr. Sofarelli removed the case to federal court under section 1443(1) asserting that plaintiffs' efforts to block the move were racially motivated and violated his civil rights under the Fair Housing Act. *Id.* at 720–21. The federal district court remanded the case back to state court and, on appeal, the Eleventh Circuit reversed, holding that removal was proper under section 1443. *Id.* at 725.

In so holding, the Circuit stated that Mr. Sofarelli's counterclaim asserted that the lawsuit in state court was filed in an effort to coerce, intimidate or deter him from providing housing in violation of the Fair Housing Act. *Id.* In other words, the Circuit found that the Fair Housing Act conferred upon Mr. Sofarelli the right to engage in the specific conduct that the state

court lawsuit sought to enjoin–providing housing to African–Americans–and that the lawsuit itself was the act by which Mr. Sofarelli's civil rights would be violated. *Id.* Thus, the Circuit found that the case fell squarely within the Supreme Court's decision in *Rachel*. *Id.* No such allegations are presented by defendants here. Neither 42 U.S.C. § 1982 nor the Fair Housing Act permit defendants in this case to refrain from paying their rent and, thus, there is nothing about the state court lawsuit itself that will deny defendants their civil rights.

For the foregoing reasons, the court holds that defendants' removal under section 1443 was not appropriate and, thus, the case must be remanded back to state court. *See Rogers v. Rucker*, 835 F.Supp. 1410, 1412 (N.D.Ga.1993) (action instituted by plaintiff in state court for unpaid rent, late fees and possession was not properly removed under section 1443 despite defendant's Fair Housing Act counterclaim; there were no allegations that the lawsuit sought to deter defendant from engaged in conduct specifically authorized by the Fair Housing Act). Plaintiff's motion to remand, then, is granted and the case will be remanded back to state court with plaintiff's motion to dismiss still pending.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion to dismiss, to remand, or to sever and remand (doc. # 4) is granted in part and remains undecided in part as the motion to dismiss is still pending. The case is remanded to the Limited Actions division of the District Court of Johnson County, Kansas. A certified copy of this order of remand shall be mailed by the clerk to the clerk of the state court.

**IT IS SO ORDERED.**