2. Committee of Investigation Manual
Count IV's second set of claims alleges violations of the Committee of Investigation Guidelines and Procedures Manual, a document prepared by AFGE's GCO and provided to members who have been appointed to a Committee of Investigation. See COI Manual at 1. Defendant responds that (1) the Manual is not a "contract" within the meaning of 29 U.S.C. § 185 ; (2) even if it were, it does not apply to Article 13 proceedings; and (3) even if it did apply, Hudson does not allege any violation of the Manual. The Court, finding the first argument persuasive, goes no further.
Section 301 does not provide a right of action every time a union breaks a promise to its members. It protects only those contracts that are "fundamental agreement[s] of association," United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Indus. v. Local 334, 452 U.S. 615, 619, 101 S.Ct. 2546, 69 L.Ed.2d 280 (1981) (citation omitted), under which both the union and its members are bound by certain terms. See Drywall Tapers & Pointers, Local 1974 v. Operative Plasterers', 537 F.2d 669, 673 (2d Cir. 1976) (§ 301 encompasses negotiated "agreement[s] of definite content") (collecting cases). These documents typically include a union's collective-bargaining agreement and constitution. See United Ass'n of Journeymen, 452 U.S. at 623-24, 101 S.Ct. 2546. Courts have also included found jurisdiction based on a breach of a union's bylaws, which are "analogous to specific contract terms or to an addendum adding terms to the original contract." Gable v. Local Union No. 387 Int'l Ass'n of Bridge, Structural, & Ornamental Iron Workers, 695 F.Supp. 1174, 1177 (N.D. Ga. 1988). When considering whether a union document is included within the "contract" protected by Section 301, then, the Court assesses the extent to which it "prescribe[s] the legal relationship and the rights and obligations between" the parties and evinces a negotiated agreement. United Ass'n of Journeymen, 452 U.S. at 624, 101 S.Ct. 2546 ; Capitol-Husting Co. v. NLRB, 671 F.2d 237, 242 (7th Cir. 1982).
The Manual fails this test in both content and form. First, it does not add any rights or obligations separate and apart from the Union's Constitution and bylaws, but merely "explains AFGE's disciplinary procedures, the operation of the committee, and [the] responsibilities as a member of the committee." COI Manual at 1; see United Ass'n of Journeymen, 452 U.S. at 624, 101 S.Ct. 2546 ;
*130 Local Union No. 657 of United Bhd. of Carpenters & Joiners v. Sidell, 552 F.2d 1250, 1253 n.6 (7th Cir. 1977) (Section 301 jurisdiction is limited "to the situation where there is a written constitutional document creating rights and duties between two labor organizations"). Second, unlike a constitution or bylaws, which are agreements between the union and its members that can be amended by majority vote, AFGE unilaterally "developed" the Manual as a "guide." COI Manual at 1; see Sidell, 552 F.2d at 1253 n.6 ("Where the claimed right is founded only on a claimed intra-union custom, jurisdiction should not be asserted."); Local Union No. 115, United Ass'n of Journeymen & Apprentices of Plumbing & Pipe Fitting Indus. v. Townsend & Bottum, Inc., 383 F.Supp. 1339, 1343 (W.D. Pa. 1974) (Section 301 "covers any agreement, written or unwritten, formal or informal, which purports to resolve employment controversies"). Hudson's complaints regarding departures from the Manual, then, are also not actionable.
3. Fair Hearing
Plaintiff's final § 301 claim-that he was not afforded a "fair and thorough trial of the charges"-has a basis in both the AFGE Constitution and in Article 13. See Opp. at 16 (quoting AFGE Const. Art. 13, § 7(c) ). Unfortunately for Hudson, that claim does not appear in Count IV of his Complaint. While that pleading certainly alleges bias and a violation of his rights to a fair hearing, those claims appear only in Count I, which Plaintiff has since withdrawn. See Compl., ¶¶ 59-63 (alleging various ways in which "NST Hudson was denied 'a full and fair hearing' "). Count IV, by contrast, includes only the four grievances addressed above. A complaint may incorporate by reference allegations in prior counts, see Fed. R. Civ. P. 10(c), but, as Hudson withdrew Count I, those assertions can no longer support Count IV.
Plaintiff is, of course, free to seek leave to replead Count IV as part of an amended complaint and to include his full-and-fair-hearing allegations, but he should be aware of a potential jurisdictional obstacle not raised in the briefing. Count IV is premised on Section 301 of the LMRDA, which provides jurisdiction for "[s]uits for violation of contracts between an employer and a labor organization representing employees ... or between any such labor organizations." 29 U.S.C. § 185(a). On a literal reading of the statute, Hudson seems out of luck as he is neither an employer nor a labor organization. His Opposition merely concludes that "[i]ndividual members have standing to sue for breach of that contract." Opp. at 14 (citing Wooddell v. Elec. Workers (IBEW), 502 U.S. 93, 98-103, 112 S.Ct. 494, 116 L.Ed.2d 419 (1991) ). Wooddell, however, was a suit by an individual union member against a local union alleging a breach of the international union's constitution by the local union. Id. at 98-99, 112 S.Ct. 494. The Supreme Court concluded it had jurisdiction under § 301 because the plaintiff had "charged a violation of a contract between two unions." Id. at 100, 112 S.Ct. 494. Hudson, by contrast, only alleges that the Union breached a contract with him. Section 301 jurisdiction may well not extend that far. Id. at 98 n.3, 112 S.Ct. 494 (noting that "a union member may sue his union for a violation of the union constitution ... only if it is charged that the breach alleged violates a contract between two labor organizations"); see Korzen v. Local Union 705, Int'l Bhd. of Teamsters, 75 F.3d 285, 288 (7th Cir. 1996) ("A suit on a contract between a labor organization and a member is not within the scope of section 301."). In any event, as it stands now, Count IV must be dismissed for failure to state a claim.
IV. Conclusion
For the foregoing reasons the Court will grant Defendant's Motion to Dismiss as to *131 Counts I, III, and IV. A separate Order so stating will issue this day.